Louis P. **ROSENBERG** and Matthew Jacobs, Appellants,

v.

**UNITED STATES of America,** Appellee.

In the Matter of **BRI–TEST, Inc.,** Bankrupt.

**No. 149, Docket 24217.**

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1957.

Decided Feb. 25, 1957.

over by a receiver, yielded a balance of $15,219.26; but the priority tax claim of the United States was $22,205.29, leaving nothing for the general claims of about $76,000. Even though these professional services were well performed and helpful, we think the only realistic course in bankruptcy collections is that allowances must be limited—as they are by customary practice—to a reasonable percentage of the recovery. In view of the substantial proportion of the recovery here granted, we cannot say that Judge Murphy's reasoned conclusion requiring some reduction constitutes error as a matter of law.

Affirmed.

---

Isadore B. Hurwitz, New York City (Louis P. Rosenberg, Brooklyn, N. Y., on the brief), for appellants.

Amos J. Peaslee, Jr., Asst. U. S. Atty., S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., and Arthur B. Kramer, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and J. JOSEPH SMITH, District Judge.

PER CURIAM.

 The attorney for the trustee in bankruptcy and the accountant here appealing the reduction in their allowances undoubtedly rendered substantial professional services to the trustee. The attorney in particular was highly successful in obtaining a reversal from us of the dismissal below of his action to recover a preference, Margolis v. Gem Factors Corp., 2 Cir., 201 F.2d 803, and then, after a trial and judgment, in recovering ultimately $5,000 on this claim, as well as some $1,600 in other matters. These sums, together with funds turned