**In re Daniel Larry TONEY, Debtor.**

**Bankruptcy No. 92–31195–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

July 25, 1994.

Robert C. Furr, Trustee, Boca Raton, FL.

Gregory B. Dickenson, Jupiter, FL.

Leslie S. Osborne, Boca Raton, FL.

### ORDER ALLOWING FEES

STEVEN H. FRIEDMAN, Bankruptcy Judge.

After notice to all creditors, this Court has examined all pending fee applications filed in this case. The Court has considered these applications and finds that the following allowances are reasonable.

The Court finds that reasonable compensation to Robert Furr, chapter 7 trustee ("trustee"), is $333.91, plus expenses of $0.34.

The Court finds that reasonable compensation for Robert Furr, attorney for trustee ("Furr"), is $2,100.00 plus expenses of $445.10.

The trustee is authorized and directed to pay the foregoing sums and shall pay to the Clerk of the Court $82.50 for special charges.

In his fee application, Furr seeks average hourly compensation at the rate of $176.25 for 40 hours of time expended by him and an associate on behalf of the trustee. Most of the efforts relate to an adversary proceeding filed by the trustee against the debtor to recover a fraudulent transfer. The Court does not question whether the services delineated in the fee application were performed, although some of the time entries in the fee application appear excessive. However, the adversary proceeding ultimately was settled for $5,000.00. If the pending fee applications were awarded in full, all proceeds of this estate would be utilized to pay the adminis-

trative fee of professionals, including the trustee, leaving nothing for the unsecured creditors.

By reducing the fee award, the Court does not intend to discourage trustees and their counsel from conducting investigations of bankruptcy estates, and the circumstances precipitating their demise, to determine whether causes of action exist which would result in the recovery of assets. However, bankruptcy estates should not be administered for the sole or primary benefit of the professionals appointed to administer such estates. Fee applications submitted by a trustee's attorney should be given much greater scrutiny where the attorney's considerable efforts result in little benefit for the estate. *In re Crawford Hardware, Inc.,* 82 B.R. 885 (Bankr.S.D.Ohio 1987). All too often, the very creditors for whose benefit bankruptcy estates are administered are left with the impression that the debtors and/or their principals (having secreted undiscovered assets) and the court-sanctioned professionals (having received hefty professional fees extracted from the remnants of the bankruptcy estate) are the only beneficiaries of bankruptcy estate administration. As noted in *Rosenberg v. United States,* 242 F.2d 141, 142 (2nd Cir.1957): "Even though these professional services were well performed and helpful, we think the only realistic course in bankruptcy collections is that allowances must be limited—as they are by customary practice—to a reasonable percentage of the recovery." Absent extraordinary circumstances, bankruptcy estates should not be consumed by the fees and expenses of court-appointed professionals.

In allowing the foregoing fees, this Court has considered the criteria specified in 11 U.S.C. §§ 326 and 330 and the requirements of Federal Rule of Bankruptcy Procedure 2016 in light of the principles stated in *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); and *Norman v. Housing*

*Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988).

**ORDERED.**