In re R. KAUFMAN JEWELERS, INC., a/k/a R. Kaufman Jewelry, Inc., a/k/a Kaufman Jewelers, Inc., Debtor.

Bankruptcy No. 91–30737–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

Sept. 13, 1994.

Marika Tolz, Trustee, Hollywood, FL.

Robert C. Furr, Boca Raton, FL, for debtor.

Lance H. Baker, Ft. Lauderdale, FL, for creditors.

## ORDER ALLOWING FEES

STEVEN H. FRIEDMAN, Bankruptcy Judge.

After notice to all creditors, this court has examined all pending fee applications filed in this case. The court has considered these applications and finds that the following allowances are reasonable.

The Court finds that reasonable compensation to Marika Tolz, as chapter 7 Trustee, is $979.81, plus expenses of $2.72. The Court finds that reasonable compensation to Marika Tolz, as chapter 11 trustee, is $3,990.97.

The Court finds that reasonable compensation for Reggie Sanger, as attorney for the Chapter 7 Trustee, is $2,101.00, plus expenses of $8.30. The Court finds that reasonable compensation for Reggie Sanger, as attorney for the Chapter 11 Trustee, is $7,754.37, plus expenses of $196.18.

The Court finds that reasonable compensation for Jesse Collier, as Accountant for the Chapter 7 Trustee, is $1,120.59, plus expenses of $29.10.

The trustee is authorized and directed to pay the foregoing sums and shall pay to the Clerk of the Court $435.50 for special charges.

■ The fees which have been awarded to the chapter 11 trustee and her counsel have been significantly reduced from the amounts requested. The reductions are warranted based upon an analysis of the administration of this estate by the trustee and her counsel.

This case was commenced on March 20, 1991, with the filing of an involuntary petition against the debtor. Thereafter the case was converted to a chapter 11 proceeding on March 29, 1991, and on April 9, 1991, Marika Tolz was appointed as chapter 11 trustee. Shortly thereafter; Reggie Sanger was appointed as her counsel.

It is apparent that substantial efforts were undertaken both by the trustee and her counsel to safeguard and preserve the assets of this estate. The debtor owned and operated two retail jewelry outlets in the West Palm Beach area.

The trustee operated these outlets from the date of her appointment in April, 1991 until the date of conversion of this case to a chapter 7 proceeding in June, 1992. As chapter 11 trustee, Ms. Tolz reflects total receipts of $292,637.36 and total disbursements of $292,793.06. Thus, as a result of 14 months of chapter 11 administration, the efforts of the trustee and her counsel resulted in a net operating deficit of $280.70.

This Court must assume that the trustee and her counsel were cognizant that the chapter 11 administration was not generating positive cash flow. The only plausible explanation for the continued operation of the debtor's business would be that the trustee was attempting to maintain the "going concern" value of the debtor's business, in anticipation of a sale. Indeed, a sale of the debtor's assets located at the Palm Beach Mall was approved on June 13, 1991, for a gross sales price of $80,000.00. However, after payment of administrative rental of almost $47,000.00, and payment of $5,838.90 accounting fees to the accountant for the chapter 11

trustee, only $20,000.00 remains for payment of administrative claims. The aggregate amount of the pending administrative claims, however exceeds $42,000.00. Thus, no funds will be available for payment of pre-petition priority and general unsecured claims, and this estate will have been administered solely to pay the post-petition claims.

■ The Court is aware that, during the course of this case, a dispute existed as to the validity of the security interest held by Capital Bank, the primary secured creditor. Capital Bank was listed in the debtor's schedules as being owed in excess of $1.5 million. The trustee and her counsel did challenge the validity of the security interest asserted by Capital Bank, via an adversary proceeding commenced on July 30, 1991 (*Tolz v. Capital Bank,* Adv.Pro. No. 91–685). Perhaps it was the prospect of totally defeating and invalidating the security interest of Capital Bank that motivated the trustee and her counsel to maintain the debtor's operation during the course of the litigation.[1] However, the success attained by trustee and her counsel in obtaining a judgment in the adversary proceeding that the $80,000.00 in sale proceeds was not subject to Capital Bank's security interest is mitigated by the fact that, during the course of the chapter 11 administration, substantial administrative expenses in excess of revenues were incurred. This Court previously has expressed its sentiment that bankruptcy estates should not be administered for the sole or primary benefit of the professionals appointed to administer such estates. *In re Toney,* 171 B.R. 414 (Bankr.S.D.Fla.1994); *In re Barrie Reid Buick–GMC, Inc.,* 164 B.R. 378 (Bankr. S.D.Fla.1994).

This Court does not doubt that, at the commencement of the administration of this estate by the trustee and her counsel, high hopes existed for the successful administration of this estate. However, at some point shortly thereafter, it should have become apparent that the prospect for creating a substantial estate for the benefit of pre-petition creditors was remote. Instead, the trustee and her counsel seek to consume 93%

---

1. The undersigned judge was appointed on November 3, 1993, and accordingly, did not preside over proceedings relating to this case while pending in chapter 11.

of the funds remaining after payment of allowed chapter 7 administrative fees and expenses with the payment of their respective chapter 11 fee and expense claims. If the fee requests of the trustee and her counsel were allowed in full, the other allowed chapter 11 administrative claims, though relatively small in amount, would be paid a dividend of only approximately forty percent. With the fee awards set forth above, the chapter 11 administrative claims, other than those of the trustee and her counsel, will be paid in full.

In allowing the foregoing fees, this court has considered the criteria specified in 11 U.S.C. §§ 326 and 330 and the requirements of Federal R.Bankr.P. 2016 in light of the principles stated in *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984); *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); and *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988). Specific findings and the considerations supporting these conclusions have been omitted in the interest of brevity, but will be prepared and filed at the request of any party if received by this court within 10 days after the entry of this order.