In re KHAN'S CORPORATION, Tax ID No. 65–0231753, Debtor.

Bankruptcy No. 93–33282–BKC–SHF.

United States Bankruptcy Court, S.D. Florida.

July 24, 1995.

Soneet Kapila, Trustee, Fort Lauderdale, FL.

Rodolfo Pittaluga, Jr., Akerman, Senterfitt & Eidson, P.A., Miami, FL, for trustee.

## ORDER ALLOWING FEES

STEVEN H. FRIEDMAN, Bankruptcy Judge.

After notice to all creditors, this Court has examined all pending fee applications filed in this case. The Court has considered these applications and finds that the following allowances are reasonable.

The Court finds that reasonable compensation for Soneet Kapila, Trustee, ("Trustee") is $1,417.06 plus expenses of $1.85.

The Court finds that reasonable compensation for Soneet Kapila, Accountant for Trustee, is $1,442.80 plus expenses of $7.77.

The Court finds that reasonable compensation for Rodolpho Pittaluga, Jr., Attorney for Trustee ("Applicant"), is $8,400.00 plus expenses of $537.23.

The Trustee is authorized and directed to pay the foregoing sums and shall pay to the Clerk of the Court $2.00 for special charges.

The foregoing fee awards to the Trustee and to Soneet Kapila as Accountant for the Trustee are for the amounts requested by Mr. Kapila in his respective fee applications, and are warranted without further comment. However, the fee award to Applicant is for an amount representing approximately 40 percent of the $22,500.00 fee re-

quested by said Applicant. This Court has carefully analyzed the history of this case and the services rendered by Applicant, and offers the following explanation as to the reduction of Applicant's fee request.

This case was commenced on September 30, 1993 with the filing of the Debtor's voluntary chapter 7 petition. The Applicant was appointed pursuant to order of this Court dated November 10, 1993. In his application, Applicant seeks compensation for 177.4 hours of time expended by him and members of his firm, for an average hourly rate of $126.83.[1] Of the referenced time expenditure, approximately 66 hours were expended by Applicant, approximately 100 hours were expended by an associate attorney, and approximately 12 hours were expended by three individuals delineated as "para-professionals".

The Debtor operated two Precision Tune auto care franchises, located in Boca Raton and Boynton Beach, Florida. The tangible personal property of this estate was valued by the Debtor at approximately $78,000.00, and the intangible property of the estate, consisting of the two Precision Tune franchises, was valued at $50,000.00. The Debtor listed no secured creditors of any consequence, and no secured claims have been asserted or allowed.

Virtually all of the $41,235.17 in funds administered by the Trustee were generated from the Trustee's sale of two Precision Tune franchises and related assets to one James Radcliffe for $40,000.00, which sale was approved by this Court on December 27, 1993. Based upon the Court's review of the record, including the time entries of Applicant, it appears that the purchaser for the estate's assets was procured with little effort expended by Applicant. The Court does not question the competency exhibited either by the Trustee or Applicant in expending efforts to consummate the sale of assets.

Rather, this Court harbors serious reservations as to the efficiency exhibited by the Applicant in performing legal services on behalf of the Trustee. During the course of

1. The fee request by the Trustee's counsel would have been approximately $30,000.00, but for a voluntary "fee discount" of $7,463.50.

this case, only three motions requiring hearings were set before this Court:

1.  Motion to Compel Trustee to Assume or Reject Executory Contract, to Pay Post–Petition Administrative Rental, or to Surrender Premises, filed by Auto Care Associates;
2.  Motion for Order to Show Cause why property of the Estate should not be Sold Free and Clear of Liens, filed by the Trustee;
3.  Motion to Compel Payment of Administrative Rent, filed by Gilbert and Rochelle Steinman.

None of these motions was seriously contested. No adversary proceedings emanated from this bankruptcy proceeding, and the other motions filed in this case were routinely administered without hearings. Notwithstanding the apparent lack of complexity as to the disposition of the estate's assets, the Applicant and associates expended no less than 38.8 hours in telephone conferences. The Applicant expended an additional 8.4 hours in the review (*not* preparation) of documents and motions, 7.5 hours in the drafting of correspondence, and 4.6 hours in the review of correspondence. Numerous of Applicant's time entries are excessive. For example, the December 28, 1993 time entry by the Applicant reads as follows:

> Review telecopies, correspondence, bill of sale, etc., telephone calls to and telephone conferences with Kapila, Dayal, Boyd & Hibberd regarding sale of assets, above, etc.—5.10 hours.

This Court simply cannot believe that it would take an experienced attorney such as Applicant 5.1 hours to read a few documents and place a few phone calls. Similar instances of inflated time entries are evident in the time records for Applicant's associate. For example, the entry of February 4, 1994 reads as follows:

> Review letter and checks from Trustee to Landlord for Administrative rent; Return call to Mr. Berson; Call Marc Pollack; Call to Mark Boyd regarding above—1.30 hours.

The referenced time entry is particularly troubling to this Court, in that Applicant's associate seeks to charge this estate for examining a check received from the Trustee representing payment of administrative rental due to Auto Care Associates for $7,500.00, pursuant to this Court's agreed order dated December 15, 1993. Essentially, Applicant's associate seeks to charge this estate roughly $160.00 to transmit a check received from the Trustee, to the Debtor's landlord.

Another instance of excessive billing is evidenced by Applicant's charges for the preparation of a notice of abandonment with regard to personal property located at the Boynton Beach facility formerly operated by the Debtor. Applicant expended nineth-tenths of one hour on January 17, 1994 to prepare a notice of abandonment and an additional three-tenths of one hour on January 25, 1994 to review the notice of abandonment. The Court recognizes that an expenditure of 1.2 hours in the preparation of such documentation, at a cost to the estate of approximately $150.00, would normally be characterized as modest. However, the Trustee did not file a notice of abandonment in this estate. Thus, Applicant's counsel seeks to be compensated for the preparation of documents which were never utilized or needed.

This Court sees no purpose in pinpointing additional time entries which the Court deems excessive or wasteful, although there are numerous such entries. Rather, the Court turns its attention to an analysis of the services provided by Trustee's counsel which were of benefit to the estate and for which the Applicant should be compensated. As to the services rendered by Applicant relating to the lease agreement between the Debtor and Auto Care Associates, including disposition of the landlord's Motion to Compel Trustee to Assume or Reject Contract, etc., the Court estimates that the maximum amount of time which should have been expended on matters relating to the foregoing would equal 15 hours, consisting of 3 hours expended by the Applicant (at $175.00 an hour) and 12 hours expended by Applicant's associate (at $150.00 an hour). As to the services rendered by Applicant relating to the sale of the Debtor's assets and franchise rights including the attendance of the De-

cember 2, 1993 hearing on Trustee's motion to approve the sale, and negotiations and telephone calls relating to the sale, the Court determines that no greater than 15 hours should have been expended on this matter, consisting of 3 hours expended by Applicant and 12 hours expended by his associate.[2]

██ The third "contested matter" as to which Applicant provided legal services relates to the Motion to Compel Payment of Administrative Rent, filed by Gilbert and Rochelle Steinman. The Court can discern little basis for the existence of a "dispute" relating to the administrative rental liability of this estate, since Mr. and Mrs. Steinman owned the premises located at 517 Northeast 5th Avenue, Boynton Beach, Florida, which premises had been leased by the Debtor prepetition, and which were utilized by the Trustee pending the sale. Nonetheless, this Court can conceive that no greater than ten (10) hours of time should have been expended by Applicant relating to negotiations, telephone calls, and the attendance of a hearing to dispose of this matter, of which the Court allocates 3 hours for Applicant, and 7 hours for Applicant's associate.

██ Applicant seeks compensation for 8 hours relating to the review and adjudication of claims at an hourly rate of approximately $120.00. These time entries are troublesome on at least two bases. Firstly, most of the time entries relating to claims review are for services rendered by Applicant's associate. There is no reason why routine claims review cannot be accomplished by competent paralegal personnel. Applicant's firm employed at least 3 persons characterized as "para-professionals", yet significant efforts were expended by Applicant's associate in the review of claims. Secondly, only 18 claims were filed in this estate. Thus, even assuming the need for Applicant's associate to perform the

claims review, it is difficult for the Court to conceive why this associate would be required to expend approximately 4 hours in the review of claims and preparation of objections to claims. This is particularly true when one considers that, in light of the substantial dollar amount of allowed administrative and priority tax claims, little purpose would be served in reviewing general unsecured claims.

██ As to the services rendered by counsel relating to miscellaneous telephone calls/conferences and correspondence, the Court will allow compensation for 6 hours at the rate of $150.00. In addition, the Court shall allow compensation for services rendered relating to the preparation of Applicant's fee application in the amount of $675.00, consisting of 3 hours of time allocated to Applicant's associate (at $150.00) and 3 hours of time expended by Applicant's paralegal (at $75.00). Such an allowance may appear excessive. However, the portion of Applicant's fee award allocated for fee application preparation pales in comparison to the $7,538.50 sought by Applicant for such services to compensate Applicant for 47.9 hours of time expended by Applicant, his associate, and his paraprofessionals, *simply* in the preparation of the fee application presently before the Court. It is incredible that Applicant would seek compensation for in excess of $7,000.00 solely related to the preparation of a routine fee application.

██ This Court has been steadfast in its position that bankruptcy estates should not be administered for the sole or primary benefit of the professionals appointed to administer such estates. *In re Toney,* 171 B.R. 414 (Bankr.S.D.Fla.1994); *In re Barrie Reed Buick–GMC, Inc.,* 164 B.R. 378 (Bankr. S.D.Fla.1994). If this Court were to grant

---

**2.** Typical of the time entries contained in Applicant's fee application is his December 27, 1993 entry relating to the attendance of the hearing on the Trustee's motion to sell the estate's assets. Applicant billed the estate 4.6 hours for the attendance of the hearing and 2 related telephone calls. Presumably, much of the time spent by Applicant was for travel between Miami and

West Palm Beach. Absent extraordinary circumstances, which did not exist in this case, a trustee's employment of an attorney located in Miami to assist the trustee in administering a West Palm Beach bankruptcy estate is not warranted, particularly when several competent attorneys specializing in trustee representation maintain offices in Palm Beach County.

Applicant's fee request in full, the funds of the estate would be virtually exhausted in the payment of administrative expenses.[3] Such an outcome will not be sanctioned by this Court in a case wherein counsel for the trustee has been required to perform only routine services involving a minimum of court appearances and no litigation, and wherein no

significant recovery of assets has been effected for the benefit of the estate.

**ORDERED.**

would remain for payment of allowed priority claims, this after payment of all administrative claims.

3. The Trustee's liquidation of this estate generated total receipts of $41,235.17, and during the course of his administration, the Trustee has disbursed $14,116.00. Thus, a balance of $27,-119.15 remains on hand. If Applicant's fee request of $22,500 was awarded in full, $1,755.46