**In re Lawrence B. CUMMINGS,
Debtor.**

**No. 96–33413–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida,
West Palm Beach Division.

June 26, 2007.

Patricia A. Redmond, Miami, FL, for Debtor.

Lisa M. Schiller, Ft. Lauderdale, FL, Nicole Testa Mehdipour, Robert M. Siegel, Miami, FL, for Trustee.

## MEMORANDUM OPINION ON PENDING FEE APPLICATIONS

STEVEN H. FRIEDMAN, Bankruptcy Judge.

On March 12, 2007, and pursuant to this Court's Amended Order Denying Motion for Payment of Interim Distribution, Setting Deadline for the Filing of Objections to Claims, and Setting Deadline for the Filing of Final Fee Applications (C.P. 575–"Scheduling Order"), this Court conducted hearings to consider the following-delineated fee applications:

- Trustee's Amended Application for Compensation and Reimbursement of Administrative Expenses, filed by Deborah C. Menotte, chapter 7 trustee ("Trustee Application"—C.P. 597);

- First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Special Counsel to Deborah C. Menotte, Trustee for the Estate of Lawrence B. Cummings, filed by Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin Application"—C.P. 569);

- Supplement to First and Final Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Special Counsel to Deborah C. Menotte, Trustee for the Estate of Lawrence B. Cummings ("Bilzin Supplement"—C.P. 585);

- Amended Final Application for Allowance and Payment for Compensation for Services Rendered and Reimbursement of Expenses to Accountants for the Chapter 7 Trustee for the Period October 22, 1997 through January 2, 2007, filed by Soneet R. Kapila, C.P.A. and Kapila & Company, Certified Public Accountants ("Kapila Application"—C.P. 596); and

- Amended and Restated Application for Final Compensation and Reimbursement of Expenses to Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., counsel for Debtor in Possession, Including Supplement ("Stearns Weaver Application"—C.P. 211).

Patricia Dzikowski, Disbursing Agent under the confirmed chapter 11 plan in the case of Susan Cummings, debtor, Case No. 98–36372–BKC–SHF, submitted written objections to the above-referenced fee applications (C. Ps. 592 and 594), and Susan Cummings, a creditor in this estate, objected to the fee requests *in propria persona* at the March 12, 2007 hearings. This Court, having considered the fee applications and objections thereto, together with argument of counsel, and after notice to all creditors, finds that the following allowances are reasonable.

The Court finds that reasonable compensation for Deborah C. Menotte, chapter 7 trustee ("Trustee"), is $53,846.34, plus expenses of $1,639.50.

The Court finds that reasonable compensation for Bilzin Sumberg Baena Price & Axelrod LLP ("Bilzin") is $383,116.80, plus expenses of $20,148.43.

The Court finds that reasonable compensation for Soneet R. Kapila & Kapila and Company, Certified Public Accountants ("Kapila"), is $175,291.65, plus reimbursement of expenses of $5,978.66. Pur-

suant to this Court's November 9, 1999 Order Granting First Interim Application for Allowance and Payment of Compensation and Reimbursement of Expenses to Kapila & Company CPA as Accountant for Deborah C. Menotte, Chapter 7 Trustee for the Estate of Lawrence B. Cummings ("Kapila Interim Award"—C.P. 305), this Court awarded interim compensation in favor of Kapila in the amount of $70,346.90, together with interim expenses of $2,595.01. However, Kapila received only partial payment of the fees awarded by way of the November 9, 1999 Order Granting Interim Compensation to Accountant for Trustee (C.P. 561), in the amount of $51,253.03. The Court awards the balance of Kapila's fee request, in the amount of $124,038.62, plus unreimbursed expenses of $3,383.65.

The Court finds that reasonable compensation to Stearns Weaver Miller Weisller Alhadeff & Sitterson, P.A. ("Stearns Weaver"), counsel for debtor in possession, including supplement, is $45,000.00.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding as to which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B), and (b)(2)(O).

### Background

This case was commenced on August 20, 1996 with the debtor's filing of his voluntary chapter 11 petition. In his bankruptcy schedules (C.P. 27), the debtor listed a variety of property interests, valued at $4,525,738.70. His schedules also reflect liabilities exceeding $60 million, deriving principally from his business dealings with National Health Investors, Inc. and National Healthcare L.P. He also was obligated to his ex-wife Susan Cummings pursuant to the Final Judgment of Dissolution of Marriage entered May 23, 1996, whereby Ms. Cummings was awarded in excess of $6 million. The debtor's efforts to salvage his pre-petition affairs were unsuccessful, and on July 3, 1997, the Court entered its Order Converting Case Under Chapter 11 to case Under Chapter 7 (C.P. 158).

Contemporaneously, the Trustee was appointed chapter 7 trustee on July 18, 1997 (C.P. 163). On July 24, 1997, this Court approved the Trustee's retention of Jack F. Weins of the law firm of Abrams, Anton, Robbins, Resnick & Schneider, P.A. ("Abrams Anton") as her general counsel (C.P. 171)[1]. In addition, on December 8, 1997, the Court granted Trustee's application to employ Kapila as her accountant (C.P. 227). Bilzin was substituted for Stroock as special counsel to Trustee on September 11, 2000 (C.P. 322).

Through the efforts of Trustee and her professionals, the Trustee has recovered $1,474,751.44, and presently holds a balance of $959,103.66.

### Fee Award In Favor of Deborah C. Menotte, Trustee

██ The amount of compensation sought by the Trustee in her Amended Fee Application, i.e. $53,846.34, reflects a

---

1. During the course of the Trustee's administration of this case, Abrams Anton was awarded interim compensation in the amount of $28,779.50 plus expenses of $3,561.51, pursuant to this Court's November 9, 1999 Order Awarding Interim Compensation and Reimbursement of Expenses to Jack F. We ins, counsel to the Trustee (C.P. 306). Pursuant to the Cash Receipts and Disbursements Record filed by Menotte for the period ending September 30, 2006 (C.P. 561), Abrams Anton has received partial payment upon the November 9, 1999 interim fee award, in the amount of $20,968.04, and a balance of $7,811.46 remains due to Abrams Anton.

20% fee reduction from the maximum fee amount which the Trustee could have sought ($67,307.93) pursuant to 11 U.S.C. § 326(a). The Trustee's fee application does not recite a rationale for her requesting compensation in an amount which is **less than** the maximum amount which she could have sought, but the Court suspects that the "reduced" fee request by the Trustee is founded in the interests of judicial economy. In the objections to applications for compensation filed by Patricia Dzikowski, Ms. Dzikowski does not specifically object to the Trustee's fee application, but rather, her objections are more specifically directed to the fee requests of the various professionals who have rendered services in connection with this case.[2] The Trustee has diligently performed her duties as required by 11 U.S.C. § 704, and has thoroughly investigated the potential assets of this estate. The Trustee, with the assistance of her professionals, has liquidated in excess of $1.6 million and as fully accounted for the disposition of the assets of this estate. An award of fees, and reimbursement of expenses, as requested by the Trustee in her Amended Application for Compensation and Reimbursement of Administrative Expenses is fully warranted.

### Kapila Fee Award

▇ The services provided by Kapila have been wide-ranging, and have been essential to the administration of this estate. These services have encompassed the following:

- Preparation of individual and partnership returns for the debtor, the estate, and related entities, for calendar years 1996 through 2007;
- Extensive review of business records evidencing the activities of the debtor and related entities;
- Review of tax returns filed by the Debtor in Possession including a review of the Debtor in Possession Reports during the pendency of the chapter 11 proceeding;
- Analysis of pre-petition transactions reflecting passive and non-passive business activities;
- Analysis of IRS tax notices and determination of liability due to IRS;
- Analysis of estate's interests in Pinellas Healthcare, Monterey Investments, Tyringham Investments, Providence Healthcare Services, Madison Health Investors, Colonial Care Companies of Bath, Bluefield, Fincastle, Richmond and Russell County, Egremont Healthcare, Me-

---

2. At the March 12, 2007 hearings, the Court expressed reservation as to the standing of Ms. Dzikowski to object to the pending fee applications, but nonetheless allowed Ms. Dzikowski to be heard. As disbursing agent under the confirmed chapter 11 plan in the case of *Susan Cummings, Debtor*, Case No. 98–36372–BKCSHF, Ms. Dzikowski's nexus to the instant bankruptcy proceeding, though tenuous, does qualify as a "party in interest". "The term party-in-interest 'is generally understood to include all persons whose pecuniary interest are [sic] directly affected by the bankruptcy proceedings.'" *In re E.S. Bankest, L.C.*, 321 B.R. 590, 594; *Nintendo Co. Ltd. v. Patten*, 71 F.3d 353, 356 (10th Cir.1995). Ms. Dzikowski's pecuniary interests ostensibly will be affected by this Court's fee awards, in that (1) the amounts of the fee awards might impact upon the balance available for payment of her claim in the case of *Susan Cummings, Debtor*, as any distribution upon Ms. Cummings' claim would be directed to Ms. Dzikowski as disbursing agent under the Susan Cummings plan; and (2) Ms. Dzikowski as the former attorney for Susan Cummings in her chapter 11 proceeding, is owed a balance of $160,876.00 plus expenses of $9,876.00 for services rendered and costs incurred in connection with Ms. Dzikowski's representation of Ms. Cummings during her chapter 11 proceeding (Case No. 98–36372–BKC–SHF—C.P. 226).

trovision, Stockbridge Investment, and Lennox Healthcare;

- Review and analysis of financial transactions relating to estate's interest in National Health Investors and York Hannover Nursing Centers, Inc.; and

- Negotiations relating to dispositions of health care facilities.

The services performed by Kapila, in conjunction with the efforts of the Trustee and her counsel, were essential to the recovery by the Trustee of in excess of $1,380,000 attributable to the Wakulla, Monterey Investments, and Maillot Property interests. Although Kapila utilized numerous professionals within his employ, which apparently prompted the claims by Patricia Dzikowski and Susan Cummings that Kapila's time itemization was excessive, this Court concludes that the services expended by Kapila and members of his staff were essential to the administration of this estate, and were critical to the recovery of various property interests and the avoidance of potential tax liability to the Trustee and to the estate.

### *Bilzin Fee Award*

The criteria to be considered by a Bankruptcy Court in awarding attorney compensation are well-established. This Court finds that the factors delineated in *Matter of First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir.1977) to provide substantial guidance in assessing the reasonableness of a request for attorney's fees. These factors, as identified in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974) are as follows:

(1) The time and labor required;

(2) The novelty and difficulty of the questions;

(3) The skills requisite to perform the legal services properly;

(4) The preclusion of other employment due to acceptance of the case;

(5) The customary fee;

(6) Whether the fee is fixed or contingent;

(7) Time limitations imposed by the client and other circumstances;

(8) The amounts involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) The "undesirability" of the case;

(11) The nature and length and professional relationship with the client; and

(12) Awards in similar cases.

It is obvious that the fee award to Bilzin will consume a substantial portion of the net proceeds presently held by the trustee of $959,000. This Court is cognizant of its own opinions to the effect that bankruptcy estates should not be administered for the sole or primary benefit of the professionals appointed to administer such estates. *In re Toney,* 171 B.R. 414 (Bankr.S.D.Fla. 1994); *In re R. Kaufman Jewelers, Inc.,* 171 B.R. 905 (Bankr.S.D.Fla.1994). Notwithstanding, the exceptional results obtained by Bilzin for the benefit of this estate, in conjunction with consideration of the other *Johnson* factors, justifies the Bilzin fee award. In addition, tax liabilities owed to the Internal Revenue Service of in excess of $230,000 have been defrayed. Furthermore, based upon the Court's own analysis of pending claims, it appears that, after payment of allowed administrative claims pursuant to 11 U.S.C. § 507(a)(1), funds will remain available for payment of allowed claims deriving from the debtor's marital obligations.

### *Stearns Weaver Fee Award*

This Court's award of $45,000 upon the Stearns Weaver Application is prem-

ised upon this Court's interpretation that 11 U.S.C. § 330 precludes an award of attorney's fees to a debtor's attorney in a chapter 7 or chapter 11 proceeding from the funds of the Bankruptcy Estate. As noted in the case of *In Re American Steel Product, Inc.*, 197 F.3d 1354 (11th Cir. 1999), § 330 of the Bankruptcy Code was amended to eliminate authorization to compensate a debtor's attorney out of estate funds.

We agree with the district court that the plain reading of § 330 precludes an award of attorney's fees to a debtor's attorney in a Chapter 7 or Chapter 11 proceeding.... We must presume, however, that Congress intended what it said when it revised § 330 to delete any provision for the award of compensation to a debtor's attorney in either a Chapter 7 or Chapter 11 case.... We are thus obligated in this instance to apply the plain meaning of § 330 precluding an award of attorney's fees to a debtor's attorney in a Chapter 7 or Chapter 11 case.

*Id.* at 1355. *Accord, Lamie v. United States Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). This Court, while recognizing that Stearns Weaver zealously and capably represented the debtor during the course of the chapter 11 proceeding, is duty-bound to limit the amount of the Stearns Weaver fee award to the $45,000 advanced to Stearns Weaver by the debtor's brother (C.P. 211–p. 2).