In the Matter of William L. GREENIG and Troy W. Greenig, Debtors–Appellees.

Appeal of UNITED FEEDS, INCORPORATED, Creditor.

No. 97–1907.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1997.

Decided Aug. 3, 1998.

William M. McCleery, Jr. (argued), Schmiedeskamp, Robertson, Neu & Mitchell, Quincy, IL, for Creditor-Appellant.

Gregory J. Jordan (argued), William K. Gullberg, Gullberg & Jordan, Chicago, IL, for Debtor-Appellee.

Before POSNER, Chief Judge, BAUER and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

Two Illinois farmers, Troy W. and William L. Greenig,[1] each filed Chapter 12 bankruptcy petitions. As required by statute, the clerk of the bankruptcy court sent notices to all of their listed creditors, including Appellant United Feeds, Inc. ("UF"), informing them of the deadline date for the filing of proofs of claims. Before the deadline date, the Greenigs submitted, and the bankruptcy court confirmed, their reorganization plans. In the plans, the Greenigs listed UF as a creditor having an allowed claim. UF, relying on the fact that it was already listed in the Greenigs' confirmed reorganization plans, did not file the required proof of claim, but instead let the filing deadline pass. Eleven

months after the expiration of the deadline, UF moved the bankruptcy court to allow it to file a late proof of claim. The bankruptcy court allowed the claim, but the district court reversed. The creditor appeals. We affirm the district court.

## I. BACKGROUND

On January 9, 1995, William and Troy Greenig each filed voluntary petitions under Chapter 12 of Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of Illinois. Each debtor, as part of his plan, listed in his schedule of proposed payments an obligation to Appellant United Feeds, Inc., stemming from an Illinois state court judgment in the amount of $126,766.43. On January 13, 1995, the clerk of the bankruptcy court sent a notice to UF, notifying UF that the meeting of creditors would be held on February 17, 1995 (pursuant to Bankruptcy Code § 341(a)), and that the deadline for filing proofs of claim was May 18, 1995.

On April 10, 1995, prior to the expiration of the creditors' deadline for filing claims, the debtors filed their Chapter 12 plans of reorganization. The plans stated, among other things, that UF was an unsecured creditor holding an allowed claim in the amount of $126,766.43, on which each debtor would pay a fixed percentage (Troy was to pay 13% of the claim, and William was to pay 3%). An attachment to the plans filed with the court set forth a schedule of payments to unsecured creditors, including UF.

Although the May 18, 1995 creditors' deadline came and passed without UF filing a proof of claim, the bankruptcy court allowed UF's claim to remain, confirming the plans on July 14, 1995.

Under the payment schedule included with the plans, the Greenigs were obliged to send their first instalment payments to holders of unsecured claims on or before December 1, 1995. UF did not receive its payment, and on April 23, 1996, almost a year after the deadline for filing claims, UF moved the

1. The context of the record would seem to suggest that Troy and William are brothers, but the record is not clear on this subject.

bankruptcy court for leave to file a late proof of claim. On June 4, 1996, the Greenigs objected to allowing the late filing of the proof of claim. The bankruptcy court overruled the Greenigs' objection and allowed the claim, finding that it was equitable to allow the claim because it was the debtors themselves who "short-cut the claims allowance process," and, furthermore, seeing as "the orders confirming the plans serve as final adjudications of the allowability of UF's claims," UF was "entitled to rely upon the treatment accorded its claim by the debtor in the reorganization plan." The Greenigs appealed the bankruptcy court's decision to the district court, which in turn reversed, holding that late claims not falling under an exception are statutorily barred and contravene the public policy of evenhandedness: "Disallowing the claims of UF not only comports with the law as set forth in the Bankruptcy Code [11 U.S.C. § 502] and Rules [Rules 3002 and 9006(b)], but also promotes the policies underlying that law—namely, disallowing UF's claims 'promotes a policy of even-handed treatment of creditors in that unsecured creditors who timely file will participate in the plan while those who untimely file will not.'" District Court's order of March 17, 1997, quoting *In re Tucker*, 174 B.R. 732, 743 (Bankr.N.D.Ill.1994).

## II. ISSUE

On appeal, UF asserts that the district judge erred when he reversed the bankruptcy court and disallowed its claim due to untimeliness, and argues that the terms of a confirmed Chapter 12 plan of reorganization may circumvent the requirement that a proof of claim must be filed in a timely fashion.

## III. STANDARD OF REVIEW

■ We review the bankruptcy court's interpretation of a confirmed plan for clear error, while conclusions of law are reviewed *de novo. See In re Ebbler Furniture and*

*Appliances, Inc.*, 804 F.2d 87, 89 (7th Cir. 1986).

## IV. ANALYSIS

■ When a debtor files for Chapter 12 bankruptcy protection, the debtor's creditors have the right to file with the court any claims that they may have upon the debtor's estate. *See* 11 U.S.C. § 501(a) ("A creditor ... may file a proof of claim."). In Chapter 12 cases, if the claim is to be allowed, a proof of claim *must* be filed (usually by the creditor, but sometimes by the debtor). 11 U.S.C. § 502(a); *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 733 (7th Cir.1991).[2] Once the proof of claim is filed under § 501, the claim is deemed allowed, unless a party in interest objects. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects."). If a party in interest does object, the court *generally* orders a hearing to determine if the claim, or any part of it, is to be allowed. *See* 11 U.S.C. § 502(b). However, in the event a proof of claim is not filed in a timely fashion, and if no exceptions apply, a hearing is not required *because the claim is statutorily barred:*

> Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in lawful currency of the United States in such amount, except to the extent that—
>
> . . . .
>
> (9) *proof of such claim is not timely filed,* except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726 of this title[3] or under the

---

2. This requirement to file a proof of claim differs from Chapter 11 bankruptcy, in which it is sometimes not necessary for a creditor to file a proof of claim. In Chapter 11 bankruptcy, 11 U.S.C. § 1111(a) allows a proof of claim to be "deemed filed under § 502" if the debt is scheduled, unless scheduled as "disputed, contingent, or unliquidated." (Emphasis added.)

3. Section 726 applies only to Chapter 7 cases (see 11 U.S.C. § 103(b)) and is therefore inapplicable to this case.

Federal Rules of Bankruptcy Procedure [4]
. . . .

11 U.S.C. § 502(b) (emphasis added).

"Timely filed," in a Chapter 12 proceeding, means that, unless an exception applies, a creditor has 90 days to file a proof of claim from the first date set for the § 341(a) meeting of creditors. *See* Fed. R. Bankr.P. 3002(c).

There are five exceptions to the 90–day rule; we agree with the parties that none of the exceptions listed are applicable to this case. The five exceptions are:

(1) a proof of claim filed by a governmental entity is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit.

(2) In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

(3) An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the equity's interest in property. If the judg-

ment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

(4) A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed. R. Bankr.P. 3002(c).

Unless one of these five exceptions applies, the 90–day time limit is an absolute bar for Chapter 12 cases: "The court may enlarge the time for taking action under [Rule] . . . 3002(c) . . . *only* to the extent and under the condition stated in [that rule]." Fed. R. Bankr.P. 9006(b)(3) (emphasis added).[5]

It is undisputed that unfortunately UF did not file its proof of claim within the 90–day limit set forth in clear and unambiguous language in Rule 3002(c), and the parties agree that none of the exceptions to 3002(c) applies. Therefore, considering that 11 U.S.C. § 502(b)(9) bars untimely proofs of claims where none of the 3002(c) exceptions apply, we hold that UF's claim is barred.

---

**4.** See discussion below regarding the applicable exceptions to timeliness that are contained in Fed. R. Bankr.P. 3002(c).

**5.** "Lack of notice" is not one of the delineated exceptions. It may seem unjust at first glance that a creditor who receives no notice of bankruptcy proceedings would be bound by the 90–day rule, but this is not an issue in this case and we therefore need not examine it. For cases instructive on the issue, see, e.g., *In re Edwards*, 962 F.2d 641 (7th Cir.1992) (holding that, where bona fide purchaser in Chapter 7 bankruptcy sale acquired good title to debtor's property, judgment was not void for lack of due process, even though second creditor had not received notice of sale until more than one year later); *In re Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 690 (7th Cir.1992) (holding that at-

tendance and objection are ordinarily prerequisites for appealing an order of the bankruptcy court; these prerequisites are excused, however, " 'if the objecting party did not receive proper notice of the proceedings below and of his opportunity to object to the action proposed to be taken. In that case, the requirements of due process outweigh those of judicial efficiency and certainty' "), quoting *In re Commercial W. Fin. Corp.*, 761 F.2d 1329, 1334–35 (9th Cir.1985) (other citations omitted); *In re Global Precious Metals, Inc.*, 143 B.R. 204 (Bankr.N.D.Ill.1992) (court suggested, in Chapter 7 case, that 11 U.S.C. §§ 726 and 523(a)(3), along with other provisions such as Fed. R. Bankr.P. 3004 and 3005, protect the creditor without notice such that Fed. R. Bankr.P. 3002(c) may be strictly construed without doing injustice).

■ UF does not challenge this reasoning, at least not head on. Rather, UF tries to approach the issue from a different perspective. UF asks us to forget, for the moment, concerns about the statutory and procedural obligations of § 502 and Rule 3002(c), and instead focus solely on the fact that a confirmed reorganization plan is binding. UF points out that the confirmation of a reorganization plan is no less than an order of the bankruptcy court, *In re Weber*, 25 F.3d 413 (7th Cir.1994), with res judicata effect, *In re Wruck*, 183 B.R. 862 (1995), and that § 1227(a) of the Bankruptcy Code binds the debtor with legislative force to the confirmed plan: "[T]he provisions of a confirmed plan bind the debtor...." 11 U.S.C. § 1127(a). UF argues that, because the plan has been confirmed, and because the confirmed plan obligates the Greenigs to pay UF's claim, the Greenigs should be precluded from challenging that obligation.

■ The problem with UF's argument is that the fact that a confirmed plan is binding does not mean that a plan based on legal errors should not be reversed: just as a trial verdict is binding but may be reversed if it is founded on legal errors, so a reorganization plan is binding but may be reversed if it is not in accord with the context of the Bankruptcy Rules and Bankruptcy Rules of Procedure. *E.g., In re Burgess Wholesale Mfg. Opticians, Inc.*, 721 F.2d 1146 (7th Cir.1983) (Chapter 11 reorganization plan reversed because of legal errors).

■ We note that the bankruptcy court's decision was largely driven by its view of the equities in the case: "[A] ruling in the debtors' favor would not only result in a windfall to them, it would work a grave injustice to UF as well." Bankruptcy Court Order of October 2, 1996. While it is true that a bankruptcy court has equitable power, *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 389, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) ("[B]ankruptcy courts are necessarily entrusted with broad equitable powers ...."), a bankruptcy court "cannot use its equitable power to circumvent the law." *Carlson v. United States*, 126 F.3d 915, 920 (7th Cir. 1997), citing *INS v. Pangilinan*, 486 U.S. 875, 883, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988) ("Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.") (quoting *Hedges v. Dixon County*, 150 U.S. 182, 192, 14 S.Ct. 71, 37 L.Ed. 1044 (1893)). *See also Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir.1997) ("Discretion must be exercised according to the law...."); *In re Chicago, Milwaukee, St. Paul & Pac. R.R.*, 791 F.2d 524, 528 (7th Cir.1986) ("The fact that a [bankruptcy] proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his [or her] personal views of justice and fairness, however enlightened those views may be."). In this case, the trial court acted improperly in that it allowed UF to circumvent Rule 3002(c) and file an untimely proof of claim because of equitable considerations. *See* 8 Collier on Bankruptcy ¶ 3002.03[1] at 3002–12 (15th ed.1997) (a bankruptcy court is without equitable power to extend the time fixed by Rule 3002(c)).

■ Our decision today deals with an issue which we have called attention to before but which has never been ruled upon until this date. In *In re Unroe*, for example, 937 F.2d 346 (7th Cir.1991), we deferred the question of whether a court has equitable powers to allow a late-filed proof of claim outside the exceptions contained in Rule 3002(c): "We leave for another case the question whether a judge in equity could permit an entirely new claim filed out of time." *Id.* at 349. We answer that question today: a bankruptcy judge is not vested with such equitable power. Today's decision is also in line with dicta from our 1993 decision, *In re Witkowski*, 16 F.3d 739 (7th Cir.1994). In that case, we noted that a bankruptcy plan is considered to be an estimate of the amount that the debtor will eventually have to pay, but that it is not final: failure to file a timely proof of claim can alter the provisions of the bankruptcy plan. *See id.* at 740 ("[A] bankruptcy plan basically sets forth an estimate of the total amount of money that the debtor owes creditors and the amount he can afford to pay them.... [A]t the time the bankruptcy plan is submitted the exact amount of allowable

claims is unknown. For example, ... a creditor may fail to file a timely proof of claim, as required by Rule 3002(a) to participate in a distribution under the bankruptcy plan."). Today's decision makes explicit *Witkowski's* intimation that an unexcepted late filing is barred.

## CONCLUSION

In a Chapter 12 bankruptcy case, the creditor has 90 days to file a proof of claim, unless an exception of Fed. R. Bankr.P. 3002(c) applies. This requirement may not be circumvented, either by the existence of a confirmed plan, or by the presence of equitable considerations. Because UF failed to file its proof of claim within the 90–day time limitation, its claim is barred.

AFFIRMED.