**In re: John Joseph CASHEN, Jr., Debtor–Appellee,**

**Appeal of: William L. LaBre.**

**No. 01–1769.**

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 12, 2002.*

Decided Dec. 12, 2002.

---

* Although debtor John Joseph Cashen, Jr. and Chapter 12 trustee Paul Chael, who began operating Cashen's farm when he was removed as the debtor in possession in November 2001, are both listed as appellees in this case, neither has filed briefs or otherwise opposed LaBre's appeal. On July 29, 2002, we issued an order allowing the case to proceed without briefs from the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

In April 2000 attorney William L. LaBre filed an application in bankruptcy court requesting court authorization to represent John Joseph Cashen, Jr., a Chapter 12 petitioner, in Indiana state court. He also sought payment from the Chapter 12 trustee or Cashen for past legal services. The bankruptcy court denied LaBre's request, and the district court affirmed. LaBre now appeals and we affirm.

In December 1996, LaBre began representing Cashen in Indiana state court on matters related to Cashen's deceased father's estate. When Cashen filed a Chapter 12 petition for adjustment of his family farm debt in 1998, he owed LaBre $2,100. Cashen's Chapter 12 plan listed LaBre as an unsecured creditor for that amount. In order to collect his fees, LaBre was required to file a proof of claim in the bankruptcy court, *see In re Greenig*, 152 F.3d 631, 633 (7th Cir.1998), but apparently he never did. After Cashen filed for bankruptcy. LaBre continued to represent him in state-court matters, notwithstanding the debt. At the time, Cashen was operating his farm as a debtor in possession and Paul Chael was serving as the Chapter 12 trustee, who performs some duties in every Chapter 12 case and assumes operation of the farm if the debtor is removed as a debtor in possession. *See* 11 U.S.C. § 1202(a), (b). Neither Cashen nor Chael sought approval from the bankruptcy court for LaBre's continued representation of Cashen until April 2000, when LaBre filed an "Application for Employment of Counsel and Payment of Attorney Fees." LaBre requested an order either requiring the Chapter 12 trustee to pay him $5,681.25 in legal fees or authorizing him to collect that amount from Cashen. He also sought an order authorizing him to continue representing Cashen in state court and to collect future fees from him. The bankruptcy court denied relief, reasoning that 11 U.S.C. § 327 allows the trustee or debtor in possession to hire a disinterested attorney, and as a creditor LaBre did not qualify. The court also found that the basic requirements of Federal Rule of Bankruptcy Procedure 2014(a), which enforces the statutory requirements of § 327, had not been met. The court refused to compensate LaBre for any services that he rendered without court approval.

LaBre filed a motion to reconsider, signed by Cashen and his bankruptcy attorney, clarifying that he was seeking relief under § 327(e), which governs the employment of "special counsel" to represent a debtor or trustee in matters unrelated to bankruptcy proceedings, and which does not contain the strict disinterestedness standard that the bankruptcy court relied upon in denying his application. He argued that he was sufficiently disinterested under § 327(e) and that, if necessary, he would waive his prepetition claim to become disinterested. He further argued that refusing to allow him to represent Cashen in state court would harm Cashen and the bankruptcy estate. Finally, LaBre contended that the court could grant him *nunc pro tunc* relief to compensate him for services he had already rendered. The bankruptcy court denied his motion to reconsider because LaBre had provided legal services without prior approval and had not demonstrated excusable neglect for failing to obtain it. The court did not comment on LaBre's request to approve his future employment.

LaBre's appeal to the district court argued that the bankruptcy court erred by withholding retroactive approval to represent Cashen, by denying payment for legal services he already rendered, and by pre-

cluding his future representation of Cashen. The district court affirmed the bankruptcy court, concluding that LaBre failed to offer a sufficient excuse for ignoring the requirements of Rule 2014(a) before providing legal services and had improperly requested employment as special counsel for the first time in his motion to reconsider.

In this court LaBre argues that the bankruptcy and district courts incorrectly applied the disinterestedness standard when refusing to approve his employment as special counsel and abused their discretion in denying him compensation for past services. LaBre was seeking three distinct types of relief that warrant separate analyses. First, he was seeking approval and compensation for services provided to Cashen *before* Cashen filed for bankruptcy; next, he was seeking approval and compensation for services he provided *after* the filing; and, finally, he was requesting approval to continue representing Cashen. All of his requests were properly denied.

■ First, LaBre argues that the bankruptcy court should have compensated him for prepetition legal work. When LaBre initially asked the bankruptcy court for payment of $5,681.25 in attorney fees, he itemized his past services and the dates he provided them. Although we cannot discern exactly how LaBre calculated the figure of $5,681.25, the total appears to include the $2,100 in prepetition fees. LaBre was listed in Cashen's Chapter 12 plan as an unsecured creditor for this amount, but he failed to file the necessary proof of claim to be eligible for payment. *In re Greenig*, 152 F.3d at 633. LaBre is not arguing for relief from his oversight as a creditor. Rather, it appears that he is trying to collect these prepetition fees through a "backdoor" process, essentially by grouping $2,100 of

prepetition debt with the claims he is making under § 327(e). Section 327, when used properly, allows a trustee or debtor in possession to hire an attorney after the bankruptcy filing. It has nothing at all to do with prepetition debts that the debtor owed to an attorney. If LaBre failed to claim entitlement to payment of the prepetition fees in the proper way as a creditor, he cannot use § 327(e) to make up for his failure. The bankruptcy court was correct to deny LaBre's request for prepetition fees under § 327.

■ Second, LaBre argues that the bankruptcy court should have compensated him for unapproved postpetition services. The bankruptcy court denied this request, believing that LaBre was not sufficiently disinterested, and because he ignored the preapproval requirements of Rule 2014 without adequate explanation. The proper procedure for collecting such fees is outlined in 11 U.S.C. §§ 327 and 330 and in Rule 2014(a). Initially the court must approve the employment of counsel, § 327(e), and then the court will consider whether to grant the request for compensation, § 330(a)(1). *See In re Grabill Corp.*, 983 F.2d 773, 776 (7th Cir.1993) (compliance with § 327 is condition precedent to receiving compensation under § 330); *see also In re Milwaukee Engraving Co.*, 219 F.3d 635, 637 (7th Cir.2000). To obtain court approval to retain an attorney, the trustee or the Chapter 12 debtor in possession, *see In re French*, 139 B.R. 485, 488 & n. 3 (Bankr.D.S.D.1992), must file an application providing the court with information about the attorney and explaining why the debtor needs to hire him. The attorney to be engaged must file a verified statement disclosing all connections with the debtor, trustee, creditors and other interested parties. Fed. R. Bankr.P.2014(a). Although neither § 327 nor Rule 2014 explicitly says that

court approval must be obtained before the attorney provides services, we have recognized that prior approval is "strongly preferred" and has been required as "a matter of sound judicial administration." *In re Singson*, 41 F.3d 316, 319 (7th Cir. 1994). Neither LaBre nor Cashen sought prior approval for LaBre's representation.

If the parties fail to obtain prior approval, the court can grant retroactive approval if the parties demonstrate "excusable neglect." *Id.;* Fed. R. Bankr.P. 9006(b)(1). This retroactive approval has often been characterized as *nunc pro tunc* relief, but we have noted in the past that this term does not accurately describe the situation in which a party is seeking retroactive approval of services. *See In re Singson*, 41 F.3d at 318–19. In this case, the bankruptcy court applied the "excusable neglect" standard, and we will disturb the result only if the court abused its discretion. *Id.* at 320. LaBre's excuse for failing to obtain approval before rendering services to Cashen is that he did not know about the rules, and we see no reason to disagree with the bankruptcy court's finding that LaBre's ignorance was not excusable. LaBre and Cashen plainly failed to obtain court approval for LaBre's employment, and so LaBre was properly denied compensation under § 330. *See In re Grabill Corp.*, 983 F.2d at 776.

■ LaBre finally attacks the refusal to approve his future employment, for the most part arguing that it would be unfair to require Cashen to hire new counsel to complete the state-court proceedings. The bankruptcy court denied his request because as a creditor LaBre was not sufficiently disinterested to serve as counsel to Cashen and in any case the requirements of Rule 2014 had not been met. Although we doubt that the court properly analyzed whether LaBre was disinterested under § 327(e), we ultimately agree with the court's denial of LaBre's request. The bankruptcy court suggested that LaBre's status as a creditor *automatically* disqualified him to serve as special counsel, but under § 327(e) a court must consider whether the attorney has an adverse interest with respect to the specific matter of employment. 11 U.S.C. § 327(e); *see, e.g., In re Black & White Cab Co.*, 175 B.R. 24, 26 (Bankr.E.D.Ark.1994); *In re Hub Bus. Forms, Inc.*, 146 B.R. 315, 319 (Bankr. D.Mass.1992); *In re G & H Steel Serv., Inc.*, 76 B.R. 508, 510 (Bankr.E.D.Pa.1987). We need not determine whether LaBre had adverse interests specific to the state court-proceedings because the requirements of Rule 2014 were not met with respect to the future employment. As mentioned above, the Chapter 12 trustee or debtor in possession must file an application for employment and the attorney to be employed must file a verified statement. The bankruptcy court noted that no application had been filed by Cashen or the trustee. It is true that Cashen signed LaBre's motion for reconsideration, evidencing his acquiescence in LaBre's request, but that is insufficient to comply with Rule 2014(a). The rule requires the application for employment to include the name of the attorney, the reasons for employing him, the nature of the services to be rendered, any compensation arrangements, and all of the attorney's connections to parties in interest. Fed. R. Bankr.P.2014(a). This information allows the court to determine, as it must under § 327(e), whether it is in the best interest of the estate to approve the engagement. LaBre's two filings with the bankruptcy court do not sufficiently outline the work he plans to do for Cashen. LaBre mentions a will contest and an insurance claim, but he does not elaborate on what work was left to be done in those cases, how they would benefit the bankruptcy estate, or whether he had any compensation plans

worked out with Cashen. Even if Cashen's signature on the motion to reconsider effectively transformed it into a proper application for employment, it did not provide the information required by Rule 2014.

Accordingly, the judgment of the district court is AFFIRMED.