**In re Donald P. LASICA, Debtor.**

**Bankruptcy No. 02 B 09026.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

May 19, 2003.

Robert J. Benjamin, Benjamin, Berneman and Brom, LLC, Chicago, IL, for Movant.

Carolyn A. Suzzi, Office of Chapter 13 Standing Trustee, Glenn Stearns, Lisle, IL, for Respondent.

Glenn Stearns, Lisle, IL, Chapter 13 Standing Trustee.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the application of Robert R. Benjamin of the Law Firm of Benjamin, Berneman & Brom, LLC. (the "Attorney") for fees in the sum of $12,232.50 and reimbursement of expenses totaling $477.81, and on the objection thereto filed by Glenn B. Stearns, the Chapter 13 Standing Trustee (the "Trustee"). For the reasons set forth herein, the Court sustains, in part, the objection of the Trustee and disallows the requested fees and expenses of the Attorney.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A)and (O).

### II. FACTS AND BACKGROUND

On March 7, 2002, the Debtor filed a Chapter 13 bankruptcy petition. The Debtor is a practicing attorney. Apparently, the Debtor retained the Attorney when he faced incarceration as a result of a contempt finding by a state court. The instant petition aided in avoiding the Debtor's incarceration. From time to time, various amendments to the Debtor's plan was made. The modified plan dated December 30, 2002, was confirmed on January 7, 2003. The plan provided for payments by the Debtor to the Trustee of

$771.00 for 58 months for a total of $44,718.00. The plan further estimated the Trustee's fees at $2,683.00. When the Trustee's fees are added to the estimated non-attorney priority claims of $32,500.00, this amount totals $35,183.00, which leaves $9,535.00 potentially available to pay dividends to unsecured creditors. From the plan payments made, dividends on allowed claims are paid with the Trustee's fees and priority claims paid before allowed unsecured claims. The Attorney utilized the Chapter 13 Model Plan format promulgated by the bankruptcy judges in this district.[1]

Most pertinent for purposes of this matter is Section E.2 of the plan, which in all versions thereof, provided for zero payments for priority claims of the Debtor's Attorney. Thus, the Court inferred at the time of confirmation of the plan, that the Attorney was not charging the Debtor for his services and was in fact representing the Debtor as a professional courtesy, pro bono publico. Further, Section E.8 of the plan provided that non-priority unsecured claims would be paid pro rata to the extent possible from the payments set out under the plan, *but not less than 11.4% of their allowed amount.* (emphasis supplied).

On January 31, 2003 the Attorney filed his application for the award of compensation in the sum of $12,232.50 with time summaries for the services rendered from March 6, 2002 through January 30, 2003. The Application disclosed that the Attorney and other members of the firm expended 46 hours of attorney time at the hourly rates ranging from $225.00 for associate time to $300.00 for partner time, plus $125.00 for travel time. In addition, the Attorney seeks reimbursement of expenses in the amount of $477.81. On February 21, 2003, the Trustee filed an objection to the application. The Attorney filed a reply thereto. Both the Attorney and the Trustee waived any evidentiary hearing and requested that the Court rule on the papers submitted.

The Trustee makes many arguments in the objection. Most pertinent is the Trustee's argument that all versions of the plan provided zero payments for the Debtor's Attorney's fees. In addition, the Trustee argues that the plan is not feasible given the amount of timely filed claims. Thus, the Trustee contends that the award of any attorney's fees payable through the plan should be denied.

In the Attorney's response, he advises that he is willing to offer the Debtor a professional courtesy discount and not seek fees through the Chapter 13 plan, but merely seeks an order of Court determining that the legal services and fees incurred were necessary and reasonable.

## III. DISCUSSION

11 U.S.C. § 329(b) authorizes the bankruptcy court to assess the reasonable value of the services provided to the debt-

---

1. The judges of this Court adopted the Model Plan format to meet the articulated concerns of the Seventh Circuit in *Adair v. Sherman,* 230 F.3d 890 (7th Cir.2000). The *Adair* case held that the res judicata effect of the confirmation order precludes a postconfirmation objection to a pre-confirmation filed proof of claim, which is deemed allowed under 11 U.S.C. § 502. The court pointedly noted that the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation precludes collateral attack on the plan or any provision therein in a subsequent proceeding. *Id.* at 894 (*citing In re Chappell,* 984 F.2d 775, 782 (7th Cir.1993)). The *Adair* court noted that to allow postconfirmation collateral attacks on claims filed before confirmation would give debtors an incentive to refrain from objecting and would destroy the finality that confirmation is intended to provide. Thus, the *Adair* decision made it crystal clear that once a plan is confirmed, its terms are not subject to collateral attack.

or by his attorney and to compare that value with the amount the debtor paid or agreed to pay for the attorney's services. If the court determines that the fees charged by the attorney are excessive—i.e., that they exceed the reasonable value of the services provided—then it may cancel any compensation agreement between the attorney and the client, or it may order the return of the excessive portion of the fee to the debtor's estate or to the entity making the payment. *In re Geraci*, 138 F.3d 314, 318 (7th Cir.1998). In making the reasonable value determination, the bankruptcy court is guided by the factors enumerated in 11 U.S.C. § 330. *Id.* Once a question has been raised about the reasonableness of the attorney's fees under § 329, it is the attorney who bears the burden of establishing that the fees are reasonable. *Id.*

█ Pursuant to 11 U.S.C. § 330 professionals applying for fees payable out of the bankruptcy estate must demonstrate that their services were actual, necessary and reasonable. Specifically, § 330(a)(4)(B) provides in relevant part:

In a ... chapter 13 case in which the debtor is an individual, *the court may allow reasonable compensation to the debtor's attorney* for representing the interests of the debtor *in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.*

11 U.S.C. § 330(a)(4)(B) (emphasis supplied). Those other factors referred to are set forth as follows:

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

4(A) Except as provided in subparagraph (b), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

11 U.S.C. § 330(a)(3) and (4)(A). The Court has previously cited the applicable standards pertinent to the award of attorney's fees and the reimbursement of expenses. *See In re Copack*, No. 01 B 09341, 2001 WL 1346063 (Bankr.N.D.Ill. Oct.29, 2001).

█ Orders confirming bankruptcy reorganization plans are binding on both debtors and creditors, and the Seventh Circuit has long recognized the sanctity of confirmation orders. *See* 11 U.S.C. § 1327; *Adair*, 230 F.3d at 894; *In re Greenig*, 152 F.3d 631, 635 (7th Cir.1998); *In re UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir.1994); *Holstein v. Brill*, 987 F.2d 1268, 1270 (7th Cir.1993); *In re Pence*, 905

F.2d 1107, 1110 (7th Cir.1990). This principal applies to post-petition administrative creditor-claimants as well, like the Attorney.

■ The logic of the *Adair* decision regarding the sanctity of confirmation orders is equally compelling here to bar the Attorney's post-confirmation fee request, especially when all creditors received notice of the plan, which made no provision for any attorney's fees. Therefore, the Court holds that this post-confirmation application for attorney's fees cannot properly be allowed when the creditors were advised of a lesser amount, here zero, especially if the effect of allowing such fees would virtually eliminate the promised dividend to general unsecured creditors. It is undisputed that all versions of the Debtor's plan provided no payment for allowed priority attorney's fees. Thus, the Debtor, the Attorney and all creditors are bound by the confirmed plan.

Although the Court has no reason to doubt that the Attorney rendered the services requested, the Trustee's objection must be sustained, inasmuch as allowance of the requested fees as an administrative priority claim would eviscerate the promised dividend to the unsecured creditors. The result obtained in drafting, negotiating and filing several versions of the plan and ultimately obtaining confirmation of a plan was good. However, the fees sought by the Attorney are simply too high and would virtually eliminate payment of the promised 11.4% dividend for unsecured creditors. *See, e.g., In re Black,* 116 B.R. 818 (Bankr.W.D.Okla.1990) (post-confirmation request for compensation and expenses was denied in uncomplicated Chapter 13 case where the order of confirmation allotted $750.00 for attorney's fees, noting that counsel is bound by the confirmation order under § 1327).

An experienced bankruptcy practitioner, like the Attorney, should have known that the Model Plan format, which contains an express provision for estimating and computing the amount of allowed priority claims of a debtor's attorney, must be accurately completed prior to confirmation. It is too little, too late, to seek such fees as an allowed administrative priority at this point in the case. In sum, the Court concludes that many of the points raised by the Trustee are well founded and thus, sustains, in substantial part, the objection to the Attorney's application.

In addition, the Court sustains the Trustee's argument with respect to the plan not being feasible because of the amount of the timely filed claims. Under 11 U.S.C. § 502(a), a proof of claim filed by a creditor is deemed allowed unless a party in interest objects. *See also In re Greenig,* 152 F.3d at 633; *Adair,* 230 F.3d at 894. "A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). Eight proofs of claim were filed in this case. Three of them involve secured claims and are not material under the terms of the confirmed plan relative to the dividend payment to unsecured creditors, and need not be further discussed. The remaining timely filed claims, which are deemed allowed, are: the Illinois Student Assistant Commission—$4,153.42; Gardner Carton & Douglas—$10,682.67; Resurgent Capital Services—$967.13; Hinsdale Management Corporation—$6,363.37; and the United States of America, Internal Revenue Service—total claim $74,360.56 ($48,421.25 was filed as unsecured priority tax claim under 11 U.S.C. § 507(a)(8) and $25,939.31 was filed as a pre-petition general unsecured tax claim). Thus, the general unsecured and allowed proofs of claim total $48,105.90. Under the confirmed plan, a

minimum 11.4% dividend or $5,484.07 was promised to the unsecured creditors. Payment of the Internal Revenue Service's $48,421.25 unsecured priority tax claim alone leaves no funds available to service the allowed unsecured claims and the promised 11.4% dividend. Thus, the plan is not feasible based on the allowed filed claims.

As the leading authority in Chapter 13 practice notes:

Allowance of attorneys' fees as administrative expenses is important to unsecured claim holders in the calculation of disposable income for confirmation purposes.... Attorneys' fees that are administrative expenses will be paid from projected income, typically in advance of payments to unsecured claim holders and reducing the money available to prepetition creditors.

See 4 K. Lundin, Chapter 13 Bankruptcy § 294.1 at pp. 294–16–17 (3d ed. and 2002 supp.) (citing In re Stromberg, 161 B.R. 510, 517 (Bankr.D.Col.1993) ("Because attorneys' fees in Chapter 13 cases directly reduce the amount to be paid to creditors, without changing the amount that the debtor ultimately has to pay into the plan, it is especially important for the bankruptcy court to scrutinize fee applications, even in the absence of an objection by a creditor or a trustee.")). Lundin further notes that the allowance of attorney's fees as administrative expenses can imperil confirmation. Id. (citing Jensen v. Dunivent (In re Dewey), 237 B.R. 783 (10th Cir. BAP 1999)). In the Dewey case, the bankruptcy court disallowed the debtor's attorney's request for nearly $4,000.00 in post-petition fees because the plan would fail the best interest of creditors' test in 11 U.S.C. § 1325(a)(4). Like the situation in Dewey, if the fees here were allowed, they would exhaust the promised dividend to be paid to unsecured claim holders. Thus, the

plan at bar also fails the best interest of creditors' test in § 1325(a)(4).

In defense of his requested fees, the Attorney cites In re Taxman Clothing Co., No. 82 B 2112, 1992 WL 55687 (Bankr. N.D.Ill. March 11, 1992) for the proposition that notions of economy of the estate in fixing fees are considered outdated and have no place in the Bankruptcy Code. While that point is true, the research should have been carried a bit further to the ultimate decision of the Seventh Circuit in In re Taxman Clothing Co., 49 F.3d 310 (7th Cir.1995) where in notable dicta, which is equally applicable here, the court stated:

The result is harsh. But being a creditor and seeing your claim get eaten by a lawyer is a harsh fate as well. Even after the passage of 11 U.S.C. § 330(a)(1), bankruptcy is not intended to be a feast for lawyers. As we read in In re Toney, 171 B.R. 414, 415 (Bankr. S.D.Fla.1994), "absent extraordinary circumstances, bankruptcy estates should not be consumed by the fees and expenses of court-appointed professionals."

Id. at 316. The Court takes no pleasure in rendering the instant decision. Unfortunately, the result is dictated by the applicable law.

For the same reasons articulated with respect to the Attorney's requested compensation, the Court will not authorize reimbursement of the Attorney's incurred expenses. Because the confirmed plan made no provision for payment of any expenses incurred by the Attorney, the Court will not authorize the reimbursement of expenses out of plan payments made to the Trustee. If the Debtor's spouse or the law firm who paid the Attorney's retainers are willing to pay the requested fees and expenses, they are free to do so, but those fees and expenses cannot be properly paid out of the post-confirma-

tion estate at the expense of the other creditors.

## IV. CONCLUSION

For the foregoing reasons, the Court sustains, in part, the Trustee's objection and disallows the Attorney's requested fees and expenses.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.