In re Alan B. **CRAMER** and Jean M. Cramer, Debtors.

**Citizens Bank, Plaintiff,**

v.

**Alan B. Cramer and Jean M. Cramer, Defendants.**

Bankruptcy No. 06–22980–jes.
Adversary No. 12–2194.

United States Bankruptcy Court, E.D. Wisconsin.

Aug. 27, 2012.

---

Michael T. Schoendorf, Walden, Schuster & Vaklyes, SC, Waukesha, WI, for Plaintiff.

Andrew M. Golanowski, Brent J. Berning, Geraci Law L.L.C., Chicago, IL, for Defendants.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

This adversary proceeding presents the following question: Does Citizens Bank ("plaintiff") hold a nondischargeable claim against the debtors, Alan and Jean Cramer ("defendants"), pursuant to 11 U.S.C. § 1328(c)(1)?

The plaintiff has filed a motion for summary judgment which is opposed by the defendants. The parties have submitted briefs.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), and this court has jurisdiction under 28 U.S.C. § 1334.

This decision constitutes the court's findings of fact and conclusions of law under Fed. R. Bankr.P. 7052.

### Summary Judgment Standard

Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates Rule 56 of the Federal Rules of Civil Procedure and governs summary judgment in adversary proceedings. Summary judgment is proper where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted). The primary purpose of summary judg-

ment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir.1990).

The parties have stipulated to the essential facts, and this matter is now ripe for a ruling on the plaintiff's motion for summary judgment.

### Factual Background

On April 7, 2006, the debtors signed a purchase money installment sale and security agreement ("agreement") with the seller for the purchase of a 2004 travel trailer for $31,682. This agreement was assigned by the seller to the plaintiff.

On June 2, 2006, the debtors filed a petition in bankruptcy under chapter 7. On August 8, 2006, they filed a reaffirmation agreement regarding their debt to the plaintiff. At a hearing held on September 20, 2006, the debtors withdrew the reaffirmation agreement.

On November 20, 2006, the debtors converted their chapter 7 case to a case under chapter 13.

The debtors' modified chapter 13 plan was confirmed on February 20, 2007. The confirmed plan provided that the debtors would assume the executory contract with Citizens Bank, and pay their claim directly, outside of the plan. The plan also contained a provision under ¶ 7 for General Unsecured Claims that read as follows:

7. **General Unsecured Claims:** All allowed non-priority unsecured claims not specially classified, including unsecured deficiency claims under 11 U.S.C. sec. 506(a), shall be paid on a pro-rata basis not less than **pot plan** of their allowed amount or on a pro-rata basis from the funds remaining after payment in full of allowed secured, priority and specially classified unsecured claims set forth above with an estimated dividend of **pot plan.** Interest shall not be paid on unsecured claims.

Section H (Special Provision) of the plan provided in part the following:

In order to increase the dividend to unsecured creditors, the debtors will pay Citizen's Bank directly at the contract rate of $235 monthly.

The final payment due to the plaintiff under the agreement was scheduled to be made on April 15, 2015, which date is well past the 60–month plan period which expired on February 20, 2012.

On July 7, 2011, plaintiff filed a motion for relief from stay based on a failure to make payments, which motion was unopposed and on July 25, 2011, this court signed an order granting relief from stay to the plaintiff. The travel trailer was thereafter sold for $15,000, resulting in a deficiency balance due to the plaintiff in the amount of $15,575.27.

On March 7, 2012, the chapter 13 trustee filed a notice of completion of plan and on that same date, the debtors were granted a discharge.

On March 9, 2012, the plaintiff filed this adversary proceeding seeking a determination that the deficiency balance remaining after the sale of the travel trailer is a nondischargeable debt under 11 U.S.C. § 1328(c)(1), which states:

(c) A discharge granted under subsection (b) of this section discharges the debtor from all unsecured debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title....

Sec. 1322(b)(5) states:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case

is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due. . . .

### Analysis

█ If the deficiency judgment due to the plaintiff is to be treated as a nondischargeable debt, the plaintiff must establish that it is a debt which is "provided for under section 1322(b)(5)." The debt is clearly a debt is a long-term debt, which is one of the requirements of section 1322(b)(5). However, that is not sufficient to make the debt nondischargeable. It must also be shown that the plan provided for the cure of any default and the maintenance of payments while the case is pending. The debtors' plan does not provide for any cure of defaults. It only provides for direct payments by the defendants of ongoing monthly contract payments of $235. The plan also provides for treatment of "general unsecured claims" including "unsecured deficiency claims" which is where the plaintiff's deficiency claim for $15,575.27 would have fit had it chosen to file a proof of claim. Unfortunately, the plaintiff did not file a timely proof of claim. Nor did the plaintiff object to confirmation of debtors' proposed chapter 13 plan. It is now too late to do either. 11 U.S.C. § 1327 states the following:

§ **1327.  Effect of Confirmation.**

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

In *In re Lasica,* 294 B.R. 718, 721 (Bankr. N.D.Ill.2003), Judge Squires aptly noted that the Seventh Circuit has long recognized the sanctity of confirmation orders. His observation rings loud and clear in *In re Harvey,* 213 F.3d 318, 321 (7th Cir. 2000); *In re Chappell,* 984 F.2d 775, 782 (7th Cir.1993); *In re Pence,* 905 F.2d 1107, 1109 (7th Cir.1990); and *Adair v. Sherman,* 230 F.3d 890 (7th Cir.2000). In *Harvey,* 213 F.3d at 321, the court said:

It is a well established principle of bankruptcy law that a party with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan.

*Harvey* further states:

The reason for this is simple and mirrors the general justification of *res judicata* principles—after the affected parties have an opportunity to present their arguments and claims, it is cumbersome and inefficient to allow those same parties to revisit or recharacterize the identical problems in a subsequent proceeding.

See also *In re Averhart,* 372 B.R. 441, 446 (Bankr.E.D.Wis.2007).

█ Creditors should insist that payment of a long-term debt be provided for under the plan with a specific reference to § 1322(b)(5). Lundin *Chapter 13 Bankruptcy* 3d ed. § 1322(b)(5). That was not done in this case. Although § 1322(b)(5) permits debtors to include in their chapter 13 plan a provision for the cure of any default within a reasonable time and maintenance of payments, it is not mandatory to incorporate such a provision. Sec. 1322(b)(5) contains the term "may," not "shall."

█ Finally, *Ginsberg & Martin on Bankruptcy* ¶ 11.12(b), states the following:

"[Sec. 1328(a)(1) ] does not make all long-term installments debts nondischargeable. The debt is only nondischargeable if the debtor chooses to treat it as such by taking advantage of the cure provision. If the debtor handles the obligation in some other way under the chapter 13 plan, then the debt is dischargeable.

*See also Chappell,* 984 F.2d 775 and *In re Faraca,* 17 B.R. 824 (Bankr.D.Idaho 1982)

This court finds that because § 1322(b)(5) is not a part of the debtors' confirmed plan, § 1328(c)(1) does not apply.

The plaintiff's motion for summary judgment is **DENIED.**

The complaint is **DISMISSED.**

The debt due from the debtors to the plaintiff is **DISCHARGED.**

A separate order shall be entered.