**In re Paulette Elaine JORDAN, Debtor.**

**No. 11 B 21658.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Signed July 22, 2014.

Jonathan D. Parker, Geraci Law L.L.C., Chicago, IL, for Movant or Plaintiff.

Tom Vaughn, Chicago, IL, for Respondent or Defendant.

### OPINION AND ORDER DENYING DEBTOR'S MOTION TO ALTER OR AMEND ORDER

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor's Confirmed Chapter 13 Plan provided for payment of 7% of unsecured debt over 36 months. Debtor moved to amend the Plan (Docket No. 25) to end it after 36 months even though only 1.85% will then be paid. Debtor has no financial trouble with making payments. After oral argument, an Order (Docket No. 26) was entered denying that Motion. Debtor now moves (Docket No. 27) under Rule 9023 Fed. R. Bank. P. to alter or amend that order. Under rule 9023, she must show legal error or factual mistake.

### A. § 1325(a) does not provide basis for Debtor's motion

■ Debtor argues that § 1325(a) only requires payment of all disposable income for an applicable commitment period and

that any percentage provided for under a confirmed Plan is only an "estimate," not a binding term, citing *In re Greenig,* 152 F.3d 631, 635 (7th Cir.1998). *Greenig* did hold that the amount of money that a debtor would have to pay in the plan discussed therein was an estimate, and not final. Here, the confirmed Plan has provisions which are labeled as estimates, such as Section H(2) "Estimated disbursements by the trustee for non-GUCs," Section H(3) "Estimated payments available for GUCs and interest during initial plan term", and Section H(4) "Estimated payments required after initial plan term."

The confirmed Plan in this case provided that the Debtor was to pay to the Chapter 13 Trustee $200 per month for 36 months, totaling $7200. (Section D, ¶ 1) If the amount thus paid is not enough to pay general unsecured creditors the amounts provided in ¶¶ 8 and 9 of Section E, "then the Debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the applied payments." (Section D, ¶ 2) "The plan will conclude before the end of the initial term *at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2.*" (Section D, ¶ 3), (emphasis supplied).

Section E, Paragraph 8 of the Plan further provided as follows:

*8. General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro rata, to the extent possible from the payments set out in Section D, *but not less than 7% of their allowed amount.* [Enter minimum payment percentage on Line 4b of Section H.] (Emphasis supplied.)

Where the confirmed Plan provided that a term was an estimate, the term was clearly labeled as an estimate. But none of the language providing that the plan will be extended to provide full payment of the required minimum percentage was labeled as an "estimate."

 Debtor argues that nothing in the Bankruptcy Code requires a minimum percentage to be paid to creditors. Nonetheless, the confirmed Plan in this case provided for a firm minimum percentage, and "the provisions of a confirmed plan bind the debtor and each creditor." 11 U.S.C. § 1327(a).

### B. Court has discretion under § 1329 to Deny Amendment

Section 1329(a) of the Bankruptcy Code provides for when a confirmed plan may be modified at the request of the debtor, but does not provide any situation when a confirmed plan must be amended. Since no provision of the Bankruptcy Code provides that the plan must be modified, Debtor has not shown legal error. Nor were any new factual grounds raised. Therefore, Debtor's motion to alter or amend judgment will be denied.

 Amendment of a confirmed plan is permitted by § 1329. A Seventh Circuit Court of Appeals panel has held that while § 1329 does not require any threshold requirement for a party to *seek* modification of a confirmed plan, "[w]hether a modification is granted is within the bankruptcy court's discretion." *In re Witkowski*, 16 F.3d 739, 748 (7th Cir.1994). In *Witkowski*, many of the debtor's creditors failed to timely file proofs of claim, and the trustee moved to modify debtor's plan to increase the percentage paid to creditors but to keep the plan term the same. *Id.* at 741. The debtor objected on the grounds that his plan provided a percentage payment to creditors, but allowed the length of the plan to fluctuate. The Seventh Circuit held that the bankruptcy court did not abuse its discretion by granting a modification sought by the trustee to increase the percentage paid to creditors. *Id.* at 748. The *Witkowski* opinion also reasoned that a plan modification requires that a modified plan to be proposed in good faith, but that "all proposed modifications need not be approved and in practice not all modifications are approved." *Id.* at 746. In determining whether good faith is shown by a proposed amendment, one factor is whether the plan demonstrates "fundamental fairness in dealing with one's creditors." *Id.* (citing *In re Smith*, 848 F.2d 813, 817 (7th Cir.1988)). Here, Debtor has no difficulty making plan payments, and did not allege or show any difficulty from continuing plan payments until nonpriority unsecured creditors achieve a 7% dividend as provided in the confirmed plan. Therefore, it was within this court's discretion to deny the requested modification of plan.

### CONCLUSION

Clearly the 7% provision in the subject confirmed Plan is a mandated requirement, not in any sense an "estimate." No change in circumstances warranted a reduction. Therefore, the Order denying a plan change that would reduce payments to a total of 1.65% was correct. Debtor has not shown a legal error or factual mistake as a basis to alter or amend it, and Debtor's present Motion to alter or amend the Order denying the requested change is hereby DENIED.