In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1736

JAMES W. ADAIR,

Plaintiff-Appellant,

v.

MICHAEL L. SHERMAN and
SHERMAN & SHERMAN,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 3946--George M. Marovich, Judge.

Argued February 9, 2000--Decided August 25, 2000

Before BAUER, EASTERBROOK and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.  James Adair brought this
action under the Fair Debt Collection Practices
Act ("FDCPA"), 15 U.S.C. sec. 1692 et seq. He
contends that Michael Sherman and his law firm,
Sherman & Sherman (collectively "Sherman &
Sherman"), overvalued their secured claims in Mr.
Adair's Chapter 13 bankruptcy proceedings. The
district court held that Mr. Adair's action was
barred because he had failed to object to the
valuation of the claim in the bankruptcy court.
For the reasons set forth in the following
opinion, we affirm the judgment of the district
court.

I
BACKGROUND

  Because the district court dismissed Mr. Adair's
complaint for failing to state a claim, we
consider all facts in the light most favorable to
him. See Hernandez v. Joliet Police Dept., 197
F.3d 256, 262 (7th Cir. 1999). In March 1997, Mr.
Adair obtained a loan from First Midwest Bank
("FMB"), with an amount financed of $16,483.22.
The loan was secured by a 1995 Chevrolet Lumina
automobile. In July, Mr. Adair filed for
bankruptcy under Chapter 13. His bankruptcy plan
provided that all allowed secured claims would be
paid in full, with unsecured creditors to receive

a percentage of their allowed claims.

On September 3, Sherman & Sherman filed a proof of claim on behalf of FMB. The proof of claim listed the value of the Chevrolet as $19,841.43, an amount greater than the car's original purchase price. Mr. Adair did not object to the valuation of the car prior to confirmation. The Chapter 13 trustee confirmed Mr. Adair's bankruptcy plan on September 15, and allowed FMB's claim as fully secured. In June 1998, Mr. Adair filed an adversary proceeding in the bankruptcy court challenging FMB's proof of claim; that proceeding was dismissed when Mr. Adair's Chapter 13 proceeding was dismissed altogether./1

Mr. Adair subsequently filed this FDCPA complaint in district court, seeking damages for what he alleged was Sherman & Sherman's practice of overvaluing collateral in proofs of claims filed with the bankruptcy court. He contends that Sherman & Sherman overvalued collateral fraudulently, in order to establish as secured claims that should have been unsecured. The district court granted Sherman & Sherman's motion to dismiss and held that the action was barred by claim preclusion, also known as res judicata.

II
DISCUSSION

Although the district court articulated its decision in terms of claim preclusion, we believe that this case is more appropriately analyzed under the closely related, although analytically distinct, doctrine of collateral estoppel or issue preclusion./2 Under the doctrine of issue preclusion, an issue may not be litigated if the following conditions are met: (1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually relitigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action. See Chicago Truck Drivers, Helpers & Warehouse Union (Indep.) Pension Fund v. Century Motor Freight, Inc., 125 F.3d 526, 530 (7th Cir. 1997); La Preferida, Inc. v. Cerveceria Mondelo, 914 F.2d 900, 905-06 (7th Cir. 1990). As the Supreme Court of the United States has stated: "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Montana, 440 U.S. at 153. "Whether the issues are identical is a question of law." E.B. Harper & Co. v. Nortek, Inc., 104

F.3d 913, 922 (7th Cir. 1997). We decide such questions de novo. See Caruso v. De Luca, 81 F.3d 666, 670 (7th Cir. 1996).

Issue preclusion is an affirmative defense. See Blonder-Tongue Lab., Inc. v. University of Ill. Found., 402 U.S. 313, 350 (1971). Therefore, the defendant has the burden to set forth facts sufficient to satisfy each element of the defense. See Havoco of Am., Ltd. v. Freeman, Atkins & Coleman, Ltd., 58 F.3d 303, 306 (7th Cir. 1995); La Preferida, 914 F.2d at 906. We now consider whether Sherman & Sherman has satisfied each of these requirements. As we pointed out in Havoco, in determining whether these criteria have been met, it is often necessary for the court to consult substantive principles of law in order to determine the scope of the earlier judicial determination or the parties bound by that determination. See 58 F.3d at 308. In the case before us, it will be necessary to refer to the substantive law of bankruptcy and, indeed, to some extent, to the FDCPA, to determine whether the principles of issue preclusion ought to apply.

A.

We begin by examining the action of the bankruptcy court in order to determine the nature and the scope of its determination. We must ascertain whether the bankruptcy court actually and necessarily decided an issue that would now preclude recovery in the FDCPA action. Sherman & Sherman filed a proof of claim listing the value of the 1995 Chevrolet as $19,841.43. According to the bankruptcy code, any proof of claim filed by a creditor is deemed allowed, unless a party in interest objects. See 11 U.S.C. sec. 502(a); In re Greenig, 152 F.3d 631, 633 (7th Cir. 1998)./3 "A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim." In re Ross, 162 B.R. 785, 788 (Bankr. N.D. Ill. 1993) (citing Fed. R. Bankr. P. 3001(f)).

Mr. Adair had notice of the proof of claim prior to confirmation, but he chose not to object to it. "As a general rule, the failure to raise an objection at the confirmation hearing or to appeal from the order of confirmation should preclude attack on the plan or any provision therein as illegal in a subsequent proceeding." In re Chappell, 984 F.2d 775, 782 (7th Cir. 1993) (quotation marks and ellipses omitted); see also In re Pence, 905 F.2d 1107, 1110 (7th Cir. 1990). In our decision in Pence, we refused relief to a creditor who, "instead of attacking the valuation head-on at the confirmation hearing," chose "a

collateral attack on the confirmation order where valuation may not be contested." Id. at 1110. Our sister circuits share our view that once a bankruptcy plan is confirmed, its terms are not subject to collateral attack. See Andersen v. UNIPAC-NEBHELP, 179 F.3d 1253, 1258-59 (10th Cir. 1999); In re Varat Enters., Inc., 81 F.3d 1310, 1315-17 (4th Cir. 1996); In re Justice Oaks II, Ltd., 898 F.2d 1544, 1553 (11th Cir.), cert. denied, 498 U.S. 959 (1990); In re Szostek, 886 F.2d 1405, 1413 (3d Cir. 1989); In re Gregory, 705 F.2d 1118, 1121 (9th Cir. 1983).

These authorities lead us to the conclusion that, when a proof of claim is filed prior to confirmation,/4 and the debtor does not object prior to confirmation,/5 the debtor may not file a post-confirmation collateral action that calls into question the proof of claim. See Justice Oaks, 898 F.2d at 1553; Ross, 162 B.R. at 789 ("The law is well settled that a confirmation order is res judicata as to all issues decided or which could have been decided at the hearing on confirmation.")./6 Allowing collateral attacks of the type brought by Mr. Adair would give debtors an incentive to refrain from objecting in the bankruptcy proceeding and would thereby destroy the finality that bankruptcy confirmation is intended to provide./7

In short, the bankruptcy process provides protection against fraudulent proofs of claims. Mr. Adair had the opportunity to contest Sherman & Sherman's proof of claim and practices related thereto in the bankruptcy court. Because he chose not to, he is barred from doing so here./8
B.

We are also convinced that issue preclusion applies because the FDCPA is an improper vehicle for challenging the amount of a debt established by the bankruptcy court. The FDCPA regulates the practices used to collect a debt./9 See Keele v. Wexler, 149 F.3d 589, 594 (7th Cir. 1998) ("[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists."); see also Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370-71 (11th Cir. 1998); Mabe v. G.C. Servs. Ltd. Partnership, 32 F.3d 86, 87-88 (4th Cir. 1994); Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987). As Mr. Adair has framed his FDCPA action, it cannot succeed without a showing that the existence or amount of his debt was established improperly. However, this circuit and other federal courts have held that an FDCPA action is not an action to establish a debt but an action contesting the method of collection of that debt. See Whitaker v. Ameritech Corp., 129 F.3d 952, 957-58 (7th

Cir. 1998); Alger v. Ganick, O'Brien & Sarin, 35 F. Supp.2d 148, 159 n.20 (D. Mass. 1999) (citing Whitaker); Blakemore v. Pekay, 895 F. Supp. 972, 983-84 (N.D. Ill. 1995); Azar v. Hegay, 874 F. Supp. 1314, 1317 (N.D. Fla.), aff'd, 66 F.3d 342 (11th Cir. 1995).

Mr. Adair is attempting to use an FDCPA claim to attack the existence of the underlying debt, a matter already determined definitively in the bankruptcy proceeding. "The purpose of the proof of claim is to alert the court, trustee, and other creditors, as well as the debtor, to claims against the estate." In re Fernstrom Storage & Van Co., 938 F.2d 731, 734 (7th Cir. 1991) (quotation marks omitted). By allowing FMB's proof of claim, the bankruptcy court confirmed the existence of a debt for Mr. Adair. To succeed on the FDCPA claim that he has brought, Mr. Adair would have to show that the value of the Chevrolet is incorrect in the proof of claim; if $19,841.43 is the proper value of the car, then Sherman & Sherman's claim is not fraudulent. However, Mr. Adair is foreclosed from collaterally attacking the valuation of the car. The amount of the debt is a matter already settled in another forum, the bankruptcy court.

In sum, as Mr. Adair has framed his FDCPA claim, he contests the amount of the underlying debt, not the method employed by the defendants in its collection. The amount of the debt was determined definitively, however, in the earlier bankruptcy proceeding when a proof of claim was submitted prior to confirmation and Mr. Adair's bankruptcy claim was later confirmed. The amount of the debt therefore cannot be relitigated in a subsequent FDCPA action by operation of the doctrine of issue preclusion./10

Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED

/1 Mr. Adair is now once again in bankruptcy proceedings. His return to bankruptcy does not foreclose this action because debtors in Chapter 13 proceedings may bring actions in their own name to vindicate statutory rights. See Cable v. Ivy Tech State College, 200 F.3d 467, 472-73 (7th Cir. 1999).

/2 See Montana v. United States, 440 U.S. 147, 153 (1979) (setting forth the differences between the two related doctrines).

/3 Parties in interest include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding. See In re FBN Food Servs., Inc., 82 F.3d 1387, 1391 (7th Cir. 1996). Therefore, if one creditor files a potentially fraudulent proof of claim, other creditors have standing to object to the proof of claim.

/4 We need not address the practice in bankruptcy courts of allowing proofs of claims to be filed after confirmation. See, e.g., In re Witkowski, 16 F.3d 739, 741 (7th Cir. 1994); In re Strong, 203 B.R. 105, 114 (Bankr. N.D. Ill. 1996). We address only the situation in which the creditor filed a proof of claim before confirmation and the debtor had enough time to formulate an objection prior to confirmation.

/5 Mr. Adair has not argued that the time between the filing of Sherman & Sherman's proof of claim and the confirmation hearing was insufficient to allow him to prepare an objection.
/6 There has been some tension in bankruptcy court cases as to whether debtors are required to object to proofs of claims prior to confirmation. See In re Simmons, 224 B.R. 879, 883-84 (Bankr. N.D. Ill. 1998) (noting cases). We respectfully choose not to follow those cases allowing post-confirmation objections to proofs of claims to be filed even though the proof of claim itself was filed sufficiently in advance of the confirmation hearing. See In re Church, No. 96 B 18347, 1998 WL 97691, at *3-*4 (Bankr. N.D. Ill. Mar. 2, 1998).

/7 We note the thoughtful analysis of a different district court in an action similar to the one before us:

Plaintiff's claims . . . raise the serious concern that bankruptcy debtors will deliberately fail to challenge proofs of claim, despite having knowledge of possible challenges to the proofs of claim and despite being represented in their bankruptcy, in the hope of maintaining collateral challenges pursuant to statutes, like the FDCPA, which may provide additional damages, as well as attorney's fees. If debtors were permitted to make such strategic decisions and, thus, to delay their challenges to the legality or correctness of proofs of claim until after dismissal of the bankruptcy case, the concept of finality in bankruptcy will be completely undermined.

Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., No. 98 C 4280, 1999 WL 284788, at *7 (N.D. Ill. Apr. 26, 1999) (citations omitted).

/8 We point out that failure to object prior to confirmation does not foreclose a debtor from challenging fraudulent proofs of claim in the bankruptcy court. A bankruptcy confirmation may be revoked by the bankruptcy court if it was procured by fraud. See 11 U.S.C. sec. 1330(a). Further, parties who commit fraud on the bankruptcy court may be sanctioned by that court pursuant to Federal Rule of Bankruptcy Procedure 9011, which is analogous to Rule 11 of the Federal Rules of Civil Procedure. See In re Bryson, 131 F.3d 601, 603 (7th Cir. 1997). Rule 9011(b) explicitly requires all filings with the court to present only facts which the party reasonably believes to have evidentiary support; debtors facing fraudulent proofs of claim could seek sanctions under that section. A motion for sanctions under Rule 9011 must be made separately from the objection to a proof of claim, potentially giving debtors additional time to discover any fraud on the part of the creditor. See Fed. R. Bankr. P. 9011(c)(1)(A); In re Knox, 237 B.R. 687, 698-99 (Bankr. N.D. Ill. 1999). Bankruptcy courts also have the authority to sanction attorneys under 28 U.S.C. sec. 1927, which allows the court to hold attorneys liable for any excess expenses caused because of their unreasonable or vexatious conduct. See In re Volpert, 110 F.3d 494, 500-01 (7th Cir. 1997).

/9 The FDCPA provides a definition of "debt":

The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. sec. 1692a(5).

/10 Because the parties have not presented the issue, we express no opinion as to whether a FDCPA claim can ever be predicated on a previous filing in a bankruptcy proceeding. Cf. Kokoszka v. Belford, 417 U.S. 642, 650-52 (1974) (holding that the wage garnishment protections of the Consumer Credit Protection Act sought to prevent persons from entering bankruptcy in the first place and therefore were not applicable when bankruptcy did occur).