**Christopher POWELL, Plaintiff–Appellant,**

v.

**James T. CADWELL and Edward Cohn, Defendants–Appellees.**

**No. 01–3633.**

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002[*].

Decided July 23, 2002.

Rehearing and Rehearing En Banc Denied Aug. 22, 2002.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

822

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

ORDER

Inmate Christopher Powell temporarily lost 180 days of good-time credit when the disciplinary board at the Indiana State Prison found him guilty of attempting to traffic drugs within the prison. Powell challenged that initial determination by petitioning for a writ of habeas corpus, which the district court granted because the board had failed to justify denying Powell the chance to present witnesses. Powell was found not guilty when his disciplinary case was reheard, and all of his good-time credit was restored.

Powell then filed this suit under 42 U.S.C. § 1983 against two prison officials for violating his constitutional rights by allowing the prison to refuse his request to present witnesses. Powell was constitutionally entitled to present witnesses at his disciplinary hearing as long as doing so did not raise safety or other legitimate concerns. *Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Forbes v. Trigg,* 976 F.2d 308, 317 (7th Cir.1992). The district court could not determine from the record whether the prison denied Powell's request for witnesses for a legitimate reason, and so ordered the prison to cure any potential due process violation by conducting a rehearing. The rehearing cured any deprivation of due process Powell suffered at his first hearing and so this is a "no-harm, no-foul situation" that does not entitle Powell to relief under § 1983. *In re Hancock,* 192 F.3d 1083, 1086 (7th Cir.1999). Because Powell has identified no relevant deprivation, he has failed to state a claim under § 1983.

We also note Powell's argument that the district court here was collaterally estopped from examining whether the defendants violated Powell's rights because, he claims, the issue was decided during his habeas corpus proceedings. Collateral estoppel does not apply because each defendant here was sued in his individual capac-

ity, but neither defendant was sued in his individual capacity in the habeas corpus proceeding. *Adair v. Sherman,* 230 F.3d 890, 893 (7th Cir.2000) (collateral estoppel may be invoked against only parties who were also represented in the prior action). Therefore, we affirm the order denying Powell's motion for summary judgment and granting the defendants' motion.

AFFIRMED.