In re Ronald L. SWANSON and
Deborah A. Swanson,
Debtors.

No. 03 B 73334.

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

July 14, 2004.

William L. Balsley, Balsley, Dahlberg and Hart, LLP, Loves Park, IL, for Debtors.

Matthew C. Hicks, U.S. Dept. of Justice, Tax Div., Washington, D.C., for Creditor.

*MEMORANDUM OPINION OVERRULING THE CHAPTER 13 TRUSTEE'S OBJECTION TO PROOF OF CLAIM OF THE INTERNAL REVENUE SERVICE AND DENYING THE INTERNAL REVENUE SERVICE'S CROSS–MOTION TO VACATE OR REVOKE CONFIRMATION ORDER*

MANUEL BARBOSA, Bankruptcy Judge.

This cause is before the Court on the Objection to Proof of Claim of the Internal

Revenue Service (the "IRS") filed by Lydia S. Meyer, the standing Chapter 13 Trustee (the "Trustee"). The Trustee objects to the proof of claim on the basis that it indicates that the claim is partially secured, even though the confirmed plan provides for payment as an unsecured priority claim. Because the proof of claim is contrary to the treatment of the claim provided for in the plan, the Trustee asserts that the confirmed plan fixes the value of the secured claim at zero and extinguishes the IRS's lien. For the reasons set forth below, the Trustee's Objection to Proof of Claim of the Internal Revenue Service is overruled. The IRS filed a response in opposition to the Trustee's objection and a Cross–Motion to Vacate or Revoke Confirmation Order. For the reasons set forth below, the IRS's cross-motion is denied.

## *JURISDICTION*

This Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

## *FACTS AND BACKGROUND*

Ronald L. and Deborah A. Swanson (the "Debtors") filed their Chapter 13 petition and Chapter 13 Plan on June 20, 2003. Schedule E lists the IRS as a creditor with two priority claims: one in the amount of $22,831.00 for "income taxes for 1998" and the other for $1,007.00 for "income taxes for 2002." The IRS was not listed as a secured creditor on Schedule D. Notice of the meeting of creditors and a copy of the Chapter 13 Plan (Docket # 7 and # 8, respectively) were sent to the IRS at its Divisional Office located in Chicago.

The Debtors filed an amended Chapter 13 Plan (the "Amended Plan") on July 18, 2003. (Docket # 11.) The Amended Plan provides that the Debtors are to make three initial payments of $300.00 per month and then 33 monthly payments of $1,125.00 and that general unsecured creditors are to be paid in full. Paragraph 6 provides for payment of $26,922.00 of priority claims. The Amended Plan also lists Americredit under paragraph 5E, "Other secured claims," and indicates that the value of that claim totals $698.00. Timely notice of the Amended Chapter 13 Plan was sent out to all creditors, including the IRS, again at its Divisional Office located in Chicago, on July 18, 2003. (Docket # 13 and # 14.) No objections to confirmation of the Amended Plan were filed by the IRS or any other creditor. Therefore, an order confirming the Amended Plan was entered on August 25, 2003 (the "Confirmation Order"). (Docket # 16.)

On October 27, 2003, the IRS timely filed its proof of claim, which indicates a secured claim in the amount of $22,922.20 and an unsecured priority claim in the amount of $1,000.03. A federal tax lien document, attached to the proof of claim, indicates that the lien was filed in the Winnebago County Recorder's Office on March 18, 2002. (Claims Register # 12.) On November 21, 2003, the Trustee filed an Objection to Proof of Claim of the Internal Revenue Service based on the fact that the IRS's claim is not treated as a secured claim in the Amended Plan. Instead, it is treated as an unsecured priority claim. The Trustee contends that the secured portion of the IRS's claim totaling $22,922.20 should be treated as an unsecured priority claim as provided for in the Amended Plan. Yet again, notice of the objection was sent to the IRS at its Divisional Office located in Chicago.

## DISCUSSION

Local Bankruptcy Rule 3015–1 provides that for "all cases filed under Chapter 13 of the Bankruptcy Code, the debtor's plan shall conform to the Model Plan adopted by the judges of this court. . . ."[1] The Committee Note explains:

The Model Plan was adopted to provide for (1) a clear statement of the rights and responsibilities of all parties affected by the plan; (2) a uniform presentation of the matters dealt with by the plan; (3) an internal check of the feasibility of the plan; (4) default provisions that are consistent with law; and (5) flexibility to change any of the substantive provisions of the plan, but with clear notice of such changes.

*Id.*

The Trustee first asserts that the IRS's secured claim is valued at zero because a confirmed plan binds all creditors as to the amount of their secured claims. The IRS argues that if the Amended Plan is deemed to value the assets securing the tax lien at zero, then the Confirmation Order should be vacated or revoked. Lastly, the Trustee interprets the Amended Plan and the Confirmation Order to release the IRS's lien. In response, the IRS asserts that the failure to "provide for" the tax lien in the Amended Plan means that the lien is unaffected by the Confirmation Order.

The crux of the IRS's position is that it is not bound by the Confirmation Order. The IRS argues that either its secured claim is valued at the amount indicated on its proof of claim or its lien is unaffected by the Confirmation Order. The Trustee's basis for the objection to claim is that it

does not comply with the treatment provided for in the Amended Plan. Thus, the question to be resolved is whether the IRS is bound by the terms of the Amended Plan or whether the treatment of the IRS's claim is controlled by its proof of claim.

The IRS correctly points out that the Bankruptcy Code provides that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9). Similarly, Federal Rule of Bankruptcy Procedure 3002(c) allows creditors 90 days after the first date set for the meeting of creditors in which to file a proof of claim, but also provides that "[a] proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief." Rule 3002(c) also provides that the Court may grant an extension of time in which to file a proof of claim. Fed. R. Bankr.P. 3002(c)(1). Moreover, the time allowed to file a proof of claim cannot be reduced. Fed. R. Bankr.P. 9006(c)(2).

■ While the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide 180 days for the IRS to file a proof of claim, the Bankruptcy Code mandates: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). "Orders confirming bankruptcy reorganization plans are binding on both debtors and creditors, and the

---

1. The judges of this Court adopted the Model Plan format to meet the articulated concerns of the Seventh Circuit in *Adair v. Sherman,* 230 F.3d 890 (7th Cir.2000). The *Adair* Court noted that the failure to raise an objection at

the confirmation hearing or to appeal from the order of confirmation precludes attack on the plan or any provision therein in a subsequent proceeding. *Id.* at 894 (citing *In re Chappell,* 984 F.2d 775, 782 (7th Cir.1993)).

Seventh Circuit has long recognized the sanctity of confirmation orders." *In re Lasica,* 294 B.R. 718, 721 (Bankr.N.D.Ill. 2003) (citations omitted). Specifically, in *In re Harvey,* 213 F.3d 318 (7th Cir.2000), the Court held that a creditor must object to confirmation even if a plan is ambiguous or vague. The Court explained:

Forcing parties to raise concerns about the meaning of Chapter 13 filings at the original confirmation proceedings does not impose an unreasonable burden on bankruptcy participants. Quite the contrary—it is perfectly reasonable to expect interested creditors to review the terms of a proposed plan and object if the terms are unacceptable, vague, or ambiguous. As this court said in *In re Pence,* 905 F.2d 1107, 1109 (7th Cir. 1990), a creditor "is not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings."

*Id.* at 322 (citations omitted). Consequently, the IRS faces quite a heavy burden to demonstrate that it is not bound by the terms of the Amended Plan or, in the alternative, that it is entitled to relief from the Confirmation Order.

The IRS, in its response to the Trustee's objection, brought a Cross–Motion to Vacate or Revoke Confirmation Order. In response, the Debtors moved to dismiss the IRS's cross-motion on the basis that a proceeding to revoke or vacate a confirmation order must be brought by an adversary proceeding pursuant to Bankruptcy Rule 7001(5). The Trustee objects to the revocation of the Confirmation Order on the same basis. In response, the IRS has partially withdrawn its request to vacate or revoke the Confirmation Order and limits its request for relief from the Confirmation Order pursuant to Bankruptcy Rule 9024 on other bases. Bankruptcy Rule 9024 adopts Federal Rule of Civil Procedure 60 ("Federal Rule 60"), and provides, in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60.

While the Seventh Circuit has stated that § 1330(a) "list[s] fraud as the only basis for revocation of confirmation," *Matter of Pence,* 905 F.2d 1107, 1110 (7th Cir.1990), the Court has not determined whether relief from a confirmation order can be brought pursuant to the other bases enumerated in Federal Rule 60. Various other courts, however, have addressed this issue. For example, the Third Circuit Court in *Branchburg Plaza Assocs., L.P. v. Fesq (In re Fesq),* 153 F.3d 113, 119 (3d Cir.1998), held that § 1330(a) establishes that fraud is "the only permitted ground for obtaining relief from an order of confirmation." The Court thoroughly analyzed the statutory language and the legislative history and considered the following "relevant considerations": plain meaning, logic, case law and the policies underlying the Code. *Id.* at 120. The Court further stated

that to the extent Federal Rule 60 conflicts with § 1330(a), a statute "trumps" a rule because "rules shall not abridge, enlarge, or modify any substantive right." *Id.* at 116 (citing 28 U.S.C. § 2075). Constitutional requirements, however, will "trump a conflicting statute, just as a statute will trump a conflicting rule." *In re Hudson,* 260 B.R. 421, 444 (Bankr.W.D.Mich.2001). The *Hudson* Court stated:

"The Supreme Court has repeatedly held that the laws passed pursuant to the Bankruptcy Clause are subject to the requirements of due process." Eric S. Richards, *Due Process Limitations on the Modification of Liens Through Bankruptcy Reorganization,* 71 Am. Bankr.L.J. 43, 45 (1997) (footnote omitted). Therefore, notwithstanding the *Fesq* majority opinion, Rule 9024 may be utilized to set aside or relieve a party from the effect of a chapter 13 confirmation order when notice is constitutionally inadequate. *See, e.g., Reliable Elec. Co., Inc. v. Olson Constr. Co.,* 726 F.2d 620, 623 (10th Cir.1984) (chapter 11 case) ("A fundamental right guaranteed by the Constitution is the opportunity to be heard when a property interest is at stake. Specifically, the reorganization process depends upon all creditors and interested parties being properly notified of all vital steps in the proceeding so they may have the opportunity to protect their interests. We will not require [the creditor] to subject its claim to a confirmed reorganization plan that it had no opportunity to dispute.") (footnote omitted).

*Id.* (alteration and footnote omitted in original).

■■■ This Court adopts the holding of *Fesq.* A confirmation order may be revoked or vacated only for fraud, and such an action must be brought by an adversary proceeding. However, the Court also agrees with the *Hudson* Court holding that constitutional rights trump any statute or rule. Relief from a confirmation order brought pursuant to Federal Rule 60 can be granted only when a party has been deprived of a constitutional right. Accordingly, the IRS must demonstrate that notice was constitutionally inadequate in order to get relief from the Confirmation Order pursuant to Federal Rule 60.

The IRS asserts that it did not receive proper notice in accordance with the Bankruptcy Rules. The IRS contends that if the Confirmation Order and Amended Plan are construed in such a way so that the value of its claim is zero, then notice must be provided in accordance with Bankruptcy Rule 7004. Bankruptcy Rule 9014(b) provides that a contested matter shall be served in the manner provided for service of summons and complaint by Rule 7004. In order to comply with the Rule, the motion must be sent via first class mail to the civil process clerk at the office of the United States attorney for the district in which the action is brought and to the Attorney General of the United States at Washington, District of Columbia, and to the agency. Fed. R. Bankr.P. 7004(b)(4) and (5).

Here, none of the notices sent to the IRS complied with Rule 7004; they were mailed only to the IRS's Divisional Office in Chicago. However, not all notices are required to comply with Bankruptcy Rule 7004—only notice of adversary proceedings and "contested matters." Confirmation of a Chapter 13 plan is not a contested matter. Fed. R. Bankr.P. 3020(b)(2) (providing that the confirmation hearing shall be after notice and hearing as provided by Rule 2002); *In re Linkous,* 141 B.R. 890, 894 (W.D.Va.1992) (citing *Matter of Beard,* 112 B.R. 951, 955 (Bankr.N.D.Ind.1990)). Since confirmation is not a contested matter, notice of the contents of the Amended

Plan and notice of the confirmation hearing were in compliance with the Bankruptcy Code and Rules.

■ Unlike confirmation of a plan, an objection to a proof of claim is a contested matter. *See In re Stavriotis,* 977 F.2d 1202, 1204 (7th Cir.1992). The Trustee did not send notice of her objection to the IRS's proof of claim in accordance with Bankruptcy Rule 7004. Accordingly, her motion must be overruled. However, this Court must still determine whether the notice the IRS did receive deprived it of a constitutional right so that it is entitled to relief from the Confirmation Order under Federal Rule 60.

■ While the IRS, as a governmental entity, is not entitled to due process under the Fifth Amendment, the IRS must receive notice which satisfies the requirement of fundamental fairness. *See United States v. Hairopoulos (In re Hairopoulos),* 118 F.3d 1240, 1244 n. 3 (8th Cir.1997); *United States v. Cardinal Mine Supply,* 916 F.2d 1087, 1089 n. 3 (6th Cir.1990); *United States v. Trembath (In re Trembath),* 205 B.R. 909, 913 n. 6 (Bankr. N.D.Ill.1997). Therefore, the IRS, as a governmental entity, is not foreclosed from obtaining relief pursuant to Federal Rule 60 for denial of a constitutional right. Consequently, this Court must determine whether the notice the IRS received satisfied the requirement of fundamental fairness.

■ A hearing to determine the secured status of a claim pursuant to 11 U.S.C. § 506 is a contested matter. Fed. R. Bankr.P. 3012; *In re King,* 290 B.R. 641, 648 (Bankr.C.D.Ill.2003); *Matter of Beard,* 112 B.R. at 955. To the extent that valuation is addressed in a Chapter 13 Plan and will be determined by confirmation, a creditor must receive adequate notice that a § 506 valuation hearing will be conducted in conjunction with the hearing on confirmation. *See In re Linkous,* 141 B.R. at 894. "Determination of a secured claim amount is unquestionably an appropriate part of the plan confirmation process even though alternative valuation procedures exist." *In re Duggins,* 263 B.R. 233, 237 (Bankr.C.D.Ill.2001) (citing cases). It is clear that confirmation can be an appropriate vehicle for valuation of claims, both secured and unsecured, as long as due process concerns are satisfied. *See, e.g.,* 3 KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, § 233.1 (3d ed.2000 & 2002 Supp.) ("If notice was adequate and the procedural due process rights of the secured claim holder are respected, a bankruptcy court order fixing the value of collateral, determining the allowed amount of a secured claim or defining what the secured claim holder will receive in satisfaction of its lien rights is binding on all parties without regard to the label on the process."). Therefore, if the value of the IRS's security interest was determined by the Amended Plan and the Confirmation Order, then notice to the IRS was required to comply with Rule 7004. The Court, then, must determine whether the Amended Plan and Confirmation Order determined the value of the IRS's security interest.

■ The Trustee argues that language in the Confirmed Plan put the IRS on notice that confirmation would determine the amount of its secured claim. Paragraph E5 of the Amended Plan provides:

All secured claims, other than mortgage claims treated above, are to be paid in full during the plan term, with interest at an annual percentage rate of ___ percent, in the amounts stated (subject to reduction either with the consent of the creditor or by court order, implemented as for reductions of mortgage arrears),

regardless of contrary proofs of claim. . . .

(Docket # 11.)

The plain language cited above provides that all secured claims will be paid in full "in the amounts stated." The Amended Plan does not list the IRS under paragraph E5, which is entitled "Other secured claims," nor does it assign a value to the IRS's secured claim as it did with the claim of AmeriCredit. In fact, nowhere in the Amended Plan is the IRS specifically listed. In accordance with the plain meaning of the language of the Amended Plan, no amount was stated as to the secured claim of the IRS.

The Trustee takes a similar position as to the IRS's lien. The Trustee argues that the IRS's lien was extinguished by the Amended Plan and Confirmation Order although they fail to specifically address extinguishment of the lien. The Trustee relies on language contained in paragraph B3 of the Amended Plan, which provides:

> The holder of any claim secured by property of the estate, other than a mortgage treated in Section C or in Paragraph 3 of Section E, shall retain the lien until receipt of all payments provided for by this plan on account of the portion of the claim that is a secured claim under 11 U.S.C. § 506(a), at which time the lien shall terminate and be released by the creditor.

The plain language of the Amended Plan provides that a lien will be extinguished upon receipt of all payments *"provided for by this plan on account of* the portion of the claim that is a secured claim under 11 U.S.C. § 506(a)." As stated above, the Amended Plan neither mentions the IRS or its lien nor contains an "amount stated"

as to the value of its secured claim. In essence, the Trustee takes the position that the Amended Plan by omission sets the value of the secured claim at zero. Following this argument to its logical conclusion, the lien would have been extinguished upon the payment of zero dollars. Thus, the lien would have been extinguished upon the entry of the Confirmation Order.

The Seventh Circuit has had occasion to comment on the extinguishment of liens by the confirmation process. In *Matter of Penrod,* 50 F.3d 459, 462 (7th Cir.1995), the Court pointed out that "[l]ike most generalizations about law, the principle that liens pass through bankruptcy unaffected cannot be taken literally." While *Penrod* involved a Chapter 11 plan, the Court stated that the Bankruptcy Code itself provides for the extinguishment of liens pursuant to 11 U.S.C. § 1141(c).[2]

The Chapter 13 analogue to § 1141(c) is § 1327(c). While this section is not applicable to the case at hand because the Confirmation Order provides that the property of the estate shall continue to be property of the estate following confirmation, the principles enunciated by the *Penrod* Court are helpful. Specifically the Court held "that unless the plan of reorganization, or the order confirming the plan, says that a lien is preserved, it is extinguished by the confirmation." *Id.* at 463. The Court limited the application of the default rule, however, when it stated: "This is provided, we emphasize, that the holder of the lien participated in the reorganization. If he did not, his lien would not be 'property dealt with by the plan,'

---

**2.** Section 1141(c) provides: "[E]xcept as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor."

and so this section would not apply." *Id.* at 463. The Court went on to state:

> "Our suggested interpretation reconciles the language of section 1141(c) with the principle, which we have pointed out cannot be maintained without careful qualification, that liens pass through bankruptcy unaffected. They do—unless they are brought into the bankruptcy proceeding and dealt with there."

*Id.*

The creditor's claim in *Penrod* was provided for as a secured claim in the Chapter 11 plan, but the plan did not state that the lien would be extinguished. The *Penrod* decision has been interpreted to hold that silence in a reorganization plan is fatal to the preservation of liens. However, even the *Penrod* Court emphasized that its holding was limited to creditors who participated in the reorganization. Thus, the Seventh Circuit's admonition, that unless the holder of a lien participates in the reorganization the lien will not be included in the "property dealt with by the plan," seems to require something more than abolition through omission.

In this case, the Amended Plan makes no express mention of the IRS's claim and treats it as a priority, unsecured claim. This Court concludes that *Penrod* supports the finding that other circumstances, such as the failure to treat a creditor's secured claim as such in a plan of reorganization, can limit the application of the default rule. In sum, this Court holds that the Amended Plan and Confirmation Order neither set the value of the IRS's security interest nor eliminated the IRS's lien simply treating it as an unsecured claim. In other words, the Amended Plan's silence cannot be interpreted to determine the value of the IRS's security interest or to extinguish its lien.

In finding that the Amended Plan and Confirmation Order did not set the value of the IRS's security interest, this Court concludes that no § 506 valuation hearing occurred at the time of confirmation. Consequently, notice of both the Amended Plan and the confirmation hearing was not required to comply with Bankruptcy Rule 7004. There being no deficiency of notice, the notice sent comports with the principles of fundamental fairness. That being the case, no grounds exist to grant relief from the Confirmation Order pursuant to Federal Rule 60. Therefore, the IRS's Cross–Motion to Vacate or Revoke Confirmation Order is denied. The end result then is that while the lien remains intact and the secured value was not determined by the Amended Plan and Confirmation Order, the IRS is still bound by the Confirmation Order, despite its timely filed proof of claim.

The finality of confirmation can be reconciled with the enhanced time allowed governmental entities to file a claim. Had the IRS filed an objection to the treatment of its claim based on its inability to determine the nature of its claim prior to confirmation of the plan, the Court would have been required by Bankruptcy Rule 9006(c)(2) to delay confirmation until a proof of claim was filed or until the IRS withdrew its objection to confirmation. Although the IRS has 180 days in which to file a proof of claim, this does not mean that the IRS cannot have the secured portion of its claim determined at the time of confirmation or that it can otherwise participate and not be bound by confirmation prior to the expiration of the 180 days. As explained by the *Hudson* Court:

> The claims allowance process gives prima facie proof only to the amount of the entire claim, which may be fully secured, undersecured, or entirely unsecured. The claims allowance process also man-

dates that the entire claim is valid and that any security interest is valid. *However, the claims allowance process does not determine the amount of the secured portion of a claim under § 506(a).*

*Hudson,* 260 B.R. at 436 (emphasis and citations omitted in original). To sit back while confirmation progresses and concludes without taking action is fatal to a post-confirmation attack on the treatment of the IRS's claim. *See Matter of Pence,* 905 F.2d 1107, 1109 (7th Cir.1990)(stating that creditor "was not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings"). However, the result here is not so harsh; the IRS still receives 100 percent payment of its claim, and its lien passes unaffected.

### CONCLUSION

The IRS was entitled to notice of the Trustee's Objection to Proof of Claim of the Internal Revenue Service pursuant to Bankruptcy Rule 7004. It did not receive such notice. As a result, the Trustee's objection is overruled. The Amended Plan and Confirmation Order do not value the IRS's secured interest at zero. Hence, notice of the Amended Plan and Confirmation Order did not have to comply with Bankruptcy Rule 7004. Thus, no grounds exist to grant the IRS relief pursuant to Federal Rule 60. Accordingly, the Cross–Motion to Revoke or Vacate the Confirmation Order is denied. Further, because the Amended Plan does not treat the IRS's claim as secured, despite the fact that a tax lien exists, the Amended Plan and Confirmation Order do not affect that lien. However, the IRS is still bound by the treatment of its claim as set forth in the Amended Plan and will receive payments accordingly.

The foregoing constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Civil Proce-

dure 52(a) and Federal Rule of Bankruptcy Procedure 7052. A separate order will be entered giving effect to the determinations reached herein.