# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1843

_____

Theresa Marshall,

          Appellant,

v.

Deutsche Bank National Trust
Company; Wells Fargo Home
Mortgage, a division of Wells
Fargo Bank, N.A.,

          Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Arkansas.
\*
\*      [UNPUBLISHED]
\*
\*
\*
\*

_____

Submitted:  December 16, 2011
Filed:  December 21, 2011

_____

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Theresa Marshall appeals from the order of the District Court[1] dismissing with prejudice her claims alleging that Deutsche Bank National Trust Company and Wells Fargo Home Mortgage violated the Fair Debt Collection Practices Act (FDCPA), 15

_____

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

U.S.C. §§ 1692–1692p, and Arkansas state law in connection with the foreclosure of a mortgage.

Following careful de novo review, we conclude that dismissal of the FDCPA claims was appropriate for the reasons discussed in the District Court's order. See Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir. 2008) (standard of review); 15 U.S.C. § 1692a(6)(A) (noting that the term "debt collector" "does not include . . . any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); Adair v. Sherman, 230 F.3d 890, 895 (7th Cir. 2000) ("[T]he FDCPA is an improper vehicle for challenging the amount of a debt established by the bankruptcy court."). As to the state-law claim, it appears that the District Court had intended to dismiss that claim without prejudice, and in fact the court did not fully dispose of the claim on the merits. Accordingly, we modify the judgment to reflect that the dismissal of the state-law claim is without prejudice, and we affirm the judgment as modified. See 28 U.S.C. § 1367(c)(3) (giving district courts discretion to decline supplemental jurisdiction where all original-jurisdiction claims have been dismissed). We also deny appellees' motion to strike the reply brief.

_____