Filed 06/02/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 88-2-20 Wncv

---

Mountainside Condominium vs. Jamieson Risk Service

---

Opinion and Order on Jamieson's Motion to Amend its Answer

Jamieson Risk Services Inc. seeks to amend its answer to add affirmative defenses of issue and claim preclusion. *See* Vt. R. Civ. P. 8(c) (expressly including claim preclusion in list of affirmative defenses); *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000) ("Issue preclusion is an affirmative defense.").[1] These defenses are not meaningfully explicated in the proposed amendment, but Jamieson represents in briefing that they relate to the arbitration proceeding between Receiver Thomas Lauzon and Vermont Mutual Insurance Company. Plaintiffs oppose any such amendment. Both sides' briefing is laconic.

## I.    Procedural Standard

Vt. R. Civ. P. 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are

---

[1] For a brief summary of this case and related litigation, *see Mountainside Condominium v. Jamieson Risk Service*, No. 88-2-20 Wncv, 2024 WL 1508781 (Vt. Super. Ct. Feb. 11, 2024).

aimin

(1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 4, 184 Vt. 1, 5 (quoting *Bevins v. King*, 143 Vt. 252, 255 (1983)).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the Court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be futile. *Perkins v. Windsor Hosp. Corp.*, 142 Vt. 305, 313 (1982).

II.    Analysis

Plaintiffs assert that Jamieson has waited too long to amend; the amendment is asserted in bad faith; it would result in unfair prejudice; and it would be futile.

It is true that Jamieson offers little in the way of explanation for having waited until now to add preclusion defenses based on a long-resolved arbitration. More importantly, however, Plaintiffs neither argue nor suggest that adding these legal defenses to the case now will cause any delay, much less any undue delay, going forward.

Nor is there any palpable bad faith or unfair prejudice. Delay in amending alone does not suggest bad faith in the circumstances of this case, and there is no apparent way in which amendment might cause unfair surprise or other prejudice. Further, Plaintiffs have not asserted any basis for a conclusion that amendment will unfairly prejudice them in any manner.

Finally, Plaintiffs argue in passing that the preclusion defenses are futile. The entire defenses, as pleaded, are as follows: "MCA's action is barred by the doctrine of res judicata" and "MCA's action is barred by the doctrine of collateral estoppel." Plaintiffs assert that these defenses are futile because: "Defendant fails to explain how the arbitration award in the [Vermont Mutual] claim dispute would somehow have preclusive effect in this matter in a manner favorable to Defendant. In fact, it is Plaintiffs who have claimed that the arbitrated determination there was a 'code and ordinance' insurance shortfall in excess of $1 million that has preclusive effect in this matter as a measure of compensable harm arising out of Defendant's breaches of duty."

Futility is judged on the same high standard by which a court evaluates a motion to dismiss under Rule 12(b)(6). Under that standard, the Court cannot conclude, on such a sparse record, that the preclusion defenses cannot have any merit as a matter of law. This is especially so where Plaintiffs themselves appear to be asserting that they, too, may rely on the preclusive effect of the arbitration proceeding.

## Conclusion

For the foregoing reasons, Jamieson's motion to amend is granted.

Electronically Signed on May 30, 2025, per V.R.E.F. 9(d)

Timothy B. Tomasi
Superior Court Judge